IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE ELLEN WARTLUFT f/k/a JULIE ELLEN BARTELS and FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, deceased, Plaintiffs, v. THE MILTON HERSHEY SCHOOL AND SCHOOL TRUST, THE MILTON HERSHEY SCHOOL TRUST, THE BOARD OF MANAGERS OF THE MILTON HERSHEY SCHOOL, and THE HERSHEY TRUST COMPANY, AS TRUSTEE OF THE MILTON HERSHEY SCHOOL TRUST, Defendants. | : : : : : : : : : : : : : : : : : : | CIVIL ACTION NO. 16-3594 |

**Jones, II   J.**                                                      **September 21, 2016**

## MEMORANDUM

Pending before the Court is Defendants' Motion to Transfer Venue, (Dkt No. 11), Plaintiffs' Response, (Dkt No. 13), and Defendants' Reply, (Dkt No. 14, Ex. A).[1] Upon consideration of the full record, the Court finds that it is in the interests of justice to transfer this case to the United States District Court for the Middle District of Pennsylvania.

**I.      Standard of Law**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought..." 28 U.S.C. § 1404(a). "Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been made in the correct forum." *Lafferty v. Gito St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). The

---

[1] The Court grants Defendants' Motion to file the Reply Brief and considers it herein.

1

"The burden of establishing the need for transfer...rests with the movant." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The Court should consider the following factors when weighing a request to transfer venue on the basis of convenience, including:

> [T]he plaintiff's forum preferences; Defendant's preferences; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial conditions; the convenience of witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records...[e]nforceability of judgment; practical considerations that could make the trial easy, expeditious or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies at the fora, and the familiarity of trial judges with the state law for diversity cases.

*Aamco Transmission Inc. v. Johnson*, 641 F.Supp.2d 464, 466 (E.D. Pa. 2009) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). "Whether to transfer a case is generally committed to the discretion of the district courts." *In re United States*, 273 F.3d 380, 387 (3d Cir. 1995).

## II.     Background

Plaintiff Julie Ellen Wartluft is a resident of Arizona, while Plaintiff Frederick L. Bartels, Jr. is a resident of Dauphin County, Pennsylvania. (Compl. ¶ 1.) Dauphin County is located in the Middle District of Pennsylvania. Abrielle Kira Bartels ("Abbie") died in Perry County, Pennsylvania. (Compl. ¶ 1.) Perry County is located in the Middle District of Pennsylvania. The Complaint states that:

> Venue is proper in the Eastern District of Pennsylvania by virtue of 28 U.S.C. § 1291(b)(1) because The School, the School Trust, the Trustee and the Board of Managers are all entities that reside in this judicial district, pursuant to 28 U.S.C. § 1391(c).

(Compl. ¶ 13.) This is inaccurate. The School's principal address is 711 Crest Lane, Hershey, Pennsylvania 17033. (Compl. ¶ 2.) The School Trust and the Trustee are located at 100 Mansion East Road, P.O. Box 445, Hershey, Pennsylvania, 17033. (Compl. ¶¶ 2, 4.) The principal address of the Board of Managers is P.O. Box 830, Hershey, Pennsylvania 17033-0830. (Compl. ¶ 3.)

These addresses are all in Dauphin County. Dauphin County is in the Middle District of Pennsylvania, not the Eastern District of Pennsylvania.[2]

Mr. Bartels and Ms. Wartluft entered into an Enrollment Agreement with the School on August 7, 2004, prior to Abbie's enrollment. (Gurt Decl. ¶ 10; Gurt Decl., Ex. A.) The Enrollment Agreement states that:

> [a]ny dispute involving the School will be filed only in the Court of Common Pleas of Dauphin County, or, if appropriate, the United States District Court for the Middle District of Pennsylvania, and you accept the jurisdiction of that court.

(Gurt Decl., Ex. A ¶ 14.)

### III.   Discussion

Defendants move to transfer the case to the Middle District of Pennsylvania on the grounds that (1) the Enrollment Agreement has an enforceable forum-selection clause that would move this case to the Middle District; (2) the interests of justice require granting this Motion under § 1404(a). The Court finds that under § 1404(a), the interests of justice demand that this case be moved to the Middle District. Therefore, the Court does not address any argument related to the forum-selection clause.

As a preliminary matter, venue is proper in the Middle District. Under 28 U.S.C. § 1391(b), venue is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred," or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." For the purpose of § 1391(b), a corporate defendant resides in "any judicial

---

[2] Peter G. Gurt, President of Milton Hershey School, stated in his Declaration that the School's registered office and principal place of business is 801 Spartan Lane, Hershey, Dauphin County, Pennsylvania. (Decl. Peter G. Gurt ¶ 5.) Both this address and the Complaint's stated "principal address" are in Dauphin County, in the Middle District.

district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). All Defendants reside in the Middle District. There is no dispute that venue is appropriate in the Middle District.

The Court reviews the relevant factors. First, generally, a court should give a plaintiff's choice of venue substantial weight in determining whether to grant a motion to transfer. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). However, "a plaintiff's choice of venue is given less weight if the plaintiff chooses a venue in which he or she does not reside and in which none of the operative facts giving rise to the suit occurred." *Cable v. Allied Interstate, Inc.*, 2012 WL 1671350, at *3 (E.D. Pa. 2012); *see also Schoonmaker v. Highmark Blue Cross Blue Shield*, 2009 WL 3540785, at *1 (E.D. Pa. 2009) (same); *Hamilton v. Nochimson*, 2009 WL 2195138, at *3 (E.D. Pa. 2009) ("[W]hen plaintiff brings suit in a district other than his home state, his venue choice is entitled to less deference.") (internal citations omitted); *Connors v. UUU Productions, Inc.*, 2004 WL 834726, at *6 (E.D. Pa. 2004) ("Although plaintiff's choice of venue generally receives substantial weight, his choice in this case receives diminished weight because he chose a forum in which he does not reside and in which none of the conduct giving rise to the claims occurred.") (internal citations omitted). Moreover, courts are generally inclined to adjudicate actions in the district where the events giving rise to the action occurred. *Cottman Transmissions Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994) ("The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim'...").

Plaintiffs' stated forum preference is obviously in the Eastern District. However, this preference is afforded little deference because neither Plaintiff resides in this district nor did any of the operative facts occur in this district. The location of the Middle District would, in fact, be

more convenient for Plaintiff Bartels. Nonetheless, Plaintiffs argue that it will be easier for Plaintiff Wartluft to travel from Arizona to the Eastern District's courthouse of Philadelphia, rather than to the Middle District's courthouse of Harrisburg. (Resp. at 16.) Respecting Plaintiffs' preference, and accepting Plaintiffs' representation to the Court that the airfare and travel considerations would be decidedly more cumbersome for Plaintiff Wartluft in Harrisburg rather than in Philadelphia, the Court finds that this factor weighs, lightly, in favor of denying transfer.[3] However, this factor is not determinative.

Second, Defendants' chosen forum is "entitled to considerably less weight than [p]laintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F.Supp.2d 728, 730 (E.D. Pa. 2003). Defendants' stated preference is in the Middle District. Every Defendant entity is located in the Middle District. In the strictest sense, it is undisputedly inconvenient for Defendants to travel to the Eastern District. However, due to Defendants' considerable financial resources, such inconvenience is arguably minimal. The two courthouses are only one and a half to two hours away from each other. Given Defendants' financial flexibility, this factor weighs, lightly, in favor of granting transfer.

Third, "[w]hen the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." *Hamilton v. Nochimson*, 2009 WL 2195138, at *3 (E.D. Pa. 2009); *see also Hayes v. Transcor America, LLC*, 2009 WL 1795309, at *4 (E.D. Pa. 2009) (holding that transfer was substantially favored because "the vast majority of the acts or omissions giving rise to [p]laintiff's claims...occurred outside this District."). Every

---

[3] The Court notes, however, that this factor does not weigh nearly as heavily as it did in *Smith v. Milton Hershey School*, 2012 WL 1966125 (E.D. Pa. 2012). In *Smith*, the plaintiffs resided in the Eastern District. *Id.* at *4. An argument that it is inconvenient for a plaintiff to leave his or her own district to attend a proceeding is markedly more persuasive than an argument that it is inconvenient for one plaintiff to, in fact, stay in his district while another plaintiff has to travel to a slightly less desirable air travel hub.

claim arose in the Middle District. Abbie's care and treatment all occurred in the Middle District. Absolutely no operative facts occurred in this district. This factor weighs heavily in favor of transfer.

Fourth, the convenience of the parties does not weigh in favor of either party. Physically, the Middle District is more convenient for all Defendants, and one of the two Plaintiffs. Financially, the Eastern District is more affordable for one Plaintiff. These considerations balance each other out; this factor does not weigh in favor of either party.

Fifth, a Court may consider the convenience of the witnesses insofar as a choice of forum would cause a witness to be actually unavailable for trial. *Jumara*, 55 F.3d at 879. Defendants have the burden of establishing who would be unavailable for trial. While Defendants have established that all known witnesses live in the Middle District and that the Middle District would be more convenient for said witnesses, Defendants have not met their burden of showing that any witnesses would be unavailable for trial. Inconvenience is not tantamount to unavailability. This factor is neutral.

Sixth, the location of books and records does not weigh in favor of either party. Presumably, all relevant medical records are housed in the Middle District. However, Defendants have not shown that such resources could not be easily acquired, and transported, the short distance from the Middle District to the Eastern District.

Seventh, as to practical considerations, Abbie's healthcare providers and all relevant employees of Defendants' (e.g. houseparents) reside in the Middle District. This factor weighs in favor of transfer.[4]

---

[4] The Court again notes that the facts in this case stand in contrast to *Smith*. In *Smith*, the Court found that various potential witnesses, notably Plaintiffs, resided in the Eastern District. *Smith*, 2012 WL 1966125, at *4. In this case, there are no Plaintiffs or witnesses who reside in the Eastern District.

Finally, as to the public considerations, the relative administrative difficulty in the two districts slightly favors transfer to the Middle District. The Eastern District of Pennsylvania has received a higher number of filings per judge in 2014 and 2015. ADMIN. OFFICE OF THE U.S. COURTS, 2015 JUDICIAL BUSINESS TABLES. The familiarity of the judges with applicable state law is neutral, as judges in either district are familiar with Pennsylvania state law. The local interest factor is neutral as this case concerns issues of national importance. Overall, the public factors weigh slightly in favor of transfer.

Plaintiffs' main arguments against transfer concern putative public interest factors. The Court finds none dispositive. First, Plaintiffs argue that this Court is in the best position to understand the unique issues in this case because this Court presided over *Smith v. Milton Hershey*, E.D. Pa. 11-cv-07391. (Resp. at 14.) Plaintiffs cite to no case law, and the Court on independent review has found none, that holds that the Court's familiarity with Defendants in an unrelated case could provide any support for denial of a motion to transfer. The outcome in *Smith* will not affect the outcome here. Any court must respect the unique facts of unrelated cases. This Court can do so just as aptly as any other.

Second, Plaintiffs argue that judicial economy warrants keeping this case in this District because this Court is also presiding over *Adam Dobson v. The Milton Hershey School et al.*, 16-CV-3596. (Resp. at 15.) Defendants have also sought transfer of that case. That motion remains pending. Regardless of the Court's eventual ruling on that motion, *Dobson* is not a consideration here. While the *Dobson* matter concerns similar allegations against Defendants, it is not a related case. It concerns wholly separate facts, events, claims, and plaintiffs. Plaintiffs do not provide citation, and the Court on independent review could not find, any case where the Court denied transfer of venue due to an unrelated case involving the same defendant.

In reviewing all the factors, the Court finds that it is in the interest of justice to transfer the case to the district where all the claims arose, where all the non-party witnesses reside, where a Plaintiff resides, and where all Defendants reside.

**IV.     Conclusion**

Given that the case concerns claims that wholly arose in the Middle District, concerns no parties that reside in the Eastern District, nor witnesses or physical evidence relating to the Eastern District, and that no public policy reason supports keeping this case in the Eastern District, the Court transfers this case to the Middle District of Pennsylvania.

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II     J.