# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN  :
BARTELS and FREDERICK L. BARTELS, JR.,  :
Individually and as Administrators of the Estate of  :
Abrielle Kira Bartels, Deceased  :
                                              :      NO. 2:16-cv-03594-CDJ

                 Plaintiffs,  :

                 vs.  :      ELECTRONICALLY FILED

                      :

THE MILTON HERSHEY SCHOOL AND  :
SCHOOL TRUST, THE MILTON HERSHEY  :
SCHOOL TRUST, THE BOARD OF  :
MANAGERS OF THE MILTON HERSHEY  :
SCHOOL, and THE HERSHEY TRUST  :
COMPANY, AS TRUSTEE OF THE MILTON  :
HERSHEY SCHOOL TRUST,  :
                      :

                 Defendants.  :

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT

Thomas B. Schmidt, III (PA 19196)
Justin G. Weber (PA 89266)
PEPPER HAMILTON LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, PA  17108-1181
717.255.1155
717.238.0575 (fax)
schmidtt@pepperlaw.com
weberjg@pepperlaw.com

*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

**Page(s)**

TABLE OF AUTHORITIES ........................................................................................ ii

I.  INTRODUCTION ......................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND................................. 2

III.  LEGAL STANDARD.................................................................................... 2

    A.  Motion to Dismiss For Failure to State a Claim ................................. 2

    B.  Motion to Strike ................................................................................. 3

IV.  ARGUMENT ................................................................................................ 4

    A.  Plaintiffs' Tort Claims Should Be Dismissed Because They Are Grounded in Contract.......................................................................... 4

        1.  Negligence ................................................................................ 6

        2.  Negligent and intentional misrepresentation ........................... 7

        3.  Infliction of emotional distress ................................................ 8

        4.  Breach of fiduciary duty .......................................................... 9

        5.  Conspiracy ............................................................................. 10

    B.  Intentional Creation of Danger Is Not a Viable Tort. ....................... 10

    C.  Plaintiffs' Misrepresentation Claims Also Fail Because They Do Not Plead Any Facts to Show That They Relied Upon Any "Misrepresentation." ......................................................................... 11

    D.  Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress............................................................................ 13

    E.  Plaintiffs' Allegations Regarding Compensation and Governance Related Issues Should Be Stricken From The Complaint, Pursuant to Rule 12(f), as Immaterial, Impertinent, and Scandalous. ................ 16

V.  CONCLUSION ........................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

C&scaps;ASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................2, 3

*Bancorp Bank v. Lawyers Title Ins. Corp.*, 2014 U.S. Dist. LEXIS 92151 (E.D. Pa. July 8, 2014) ................................................................................................................7

*Banyas v. Lower Bucks Hosp.*, 437 A.2d 1236 (Pa. Super. Ct. 1981) .........................14

*Bealer v. Mut. Fire, Marine & Inland Ins. Co.*, 242 Fed. Appx. 802 (3d Cir. 2007) .....................8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................2, 3

*Bortz v. Noon*, 729 A.2d 555 (Pa. 1999) ...............................................................12, 13

*Boseman v. Upper Providence Twp.*, 2016 U.S. Dist. LEXIS 10294 (E.D. Pa. Jan. 26, 2016) ...................................................................................................3, 4, 16, 17

*Britt v. Chestnut Hill Coll.*, 632 A.2d 557 (Pa. Super. Ct. 1993) ...............................14

*Bruno v. Erie Ins. Co.*, 106 A.3d 48 (Pa. 2014)........................................................4, 5

*Carone v. Whalen*, 121 F.R.D. 231 (M.D. Pa. July 29, 1988) ......................................4

*Castellucci v. Harcum Coll.*, 2016 U.S. Dist. LEXIS 58454 (E.D. Pa. May 2, 2016) .................14

*Chec v. Crescent Hills Coal Co.*, 2002 WL 31002883 (W.D. Pa. July 15, 2002)....................3, 16

*Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265 (3d Cir. 1979) ...........................14

*Collura v. City of Phila.*, 590 Fed. Appx. 180 (3d Cir. 2014) .....................................16

*Cox v. Keystone Carbon Co.*, 861 F.2d 390 (3d Cir. 1988)..........................................14

*Creeger Brick & Bldg. Supply, Inc., v. Mid-State Bank and Trust Co.*, 560 A.2d 151 (Pa. Super. Ct. 1989) ..................................................................................................10

*DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424 (E.D. Pa. 2007)...............................4

*Developers Sur. & Indem. Co. v. Mathias*, 2013 U.S. Dist. LEXIS 173973 (M.D. Pa. Dec. 11, 2013) ............................................................................................................13

*Dombrowski v. Governor Mifflin Sch. Dist.*, 2012 U.S. Dist. LEXIS 90674 (E.D. Pa. June 29, 2012) ............................................................................................................16

*EQT Prod. Co. v. Terra Servs., LLC*, 2016 U.S. Dist. LEXIS 48895 (W.D. Pa. Apr. 12, 2016) ............................................................................................................................5

*eToll, Inc. v. Elias/Savion Adver.*, 811 A.2d 10 (Pa. Super. Ct. 2002) ...........................5

*Farkas v. Rich Coast Corp.*, 2014 U.S. Dist. LEXIS 16708 (E.D. Pa. Feb. 11, 2014) ..................1

*Fewell v. Besner*, 664 A.2d 577 (Pa. Super. Ct. 1995) ...................................................14

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)................................................3

*Gati v. Univ. of Pittsburgh*, 91 A.3d 723 (Pa. Super. Ct. 2014) ......................................5

*Gouda v. Harcum Junior Coll.*, 2015 U.S. Dist. LEXIS 72562 (E.D. Pa. June 4, 2015) ..........9, 15

*Harris v. St. Joseph's Univ.*, 2014 U.S. Dist. LEXIS 65452 (E.D. Pa. May 12, 2014)..................5

*Hart v. O'Malley*, 647 A.2d 542 (Pa. Super. Ct. 1994)....................................................15

*Hoy v. Angelone*, 720 A.2d 745 (Pa. 1998) ....................................................................13

*In re: Milton Hershey School*, 712 of 1963 (Dauphin Cnty. Orphans' Ct. 1963) ........................17

*Insyte Med. Techs., Inc. v. Lighthouse Imaging, LLC*, 2014 U.S. Dist. LEXIS 34030 (E.D. Pa. Mar. 11, 2014)...........................................................................................8, 10

*Johnson v. Caparelli*, 625 A.2d 668 (Pa. Super. Ct. 1993), *allocatur denied*, 647 A.2d 511 (Pa. 1994) .............................................................................................................13

*Kazatsky v. King David Mem'l Park*, 527 A.2d 988 (Pa. 1987) .......................................13

*Kimberg v. Univ. of Scranton*, 411 Fed. Appx. 473 (3d Cir. 2010)....................................5

*Knit With v. Knitting Fever, Inc.*, 2009 U.S. Dist. LEXIS 98217 (E.D. Pa. Oct. 20, 2009) *aff'd*, 625 Fed. Appx. 27 (3d Cir. 2015) .......................................................................10

*Manning v. Temple Univ.*, 2004 U.S. Dist. LEXIS 26129 (E.D. Pa. Dec. 30, 2004) ...................10

*Mayer v. Belichick*, 605 F.3d 223 (3d Cir. 2010) ............................................................3

*McShea v. City of Phila.*, 995 A.2d 334, 339 (Pa. 2010).................................................4

*Natale v. Winthrop Res. Corp.*, 2008 WL 2758238 (E.D. Pa. July 9, 2008) ................................16

*Oehlmann v. Metro. Life Ins. Co.*, 644 F. Supp. 2d 521 (M.D. Pa. 2007)..................................7, 9

*Papieves v. Lawrence*, 263 A.2d 118 (Pa. 1970) ...........................................................14

*Quinones v. Lehigh Valley Health Network, Inc.*, 2015 U.S. Dist. LEXIS 127421 (E.D. Pa. Sept. 22, 2015) ................................................................................................4

*Reardon v. Allegheny Coll.*, 926 A.2d 477 (Pa. Super. Ct. 2007) ...................................7

*Reedy v. Evanson*, 615 F.3d 197 (3d Cir. 2010) .........................................................13

*Rigaud v. Garofalo*, 2005 U.S. Dist. LEXIS 7791 (E.D. Pa. May 2, 2005) .................13

*Rosenberg v. Thomas Jefferson Univ. Hosp.*, 2016 U.S. Dist. LEXIS 63327 (E.D. Pa. May 13, 2016) .......................................................................................................14

*Rudas v. Nationwide Mut. Ins. Co.*, 1997 U.S. Dist. LEXIS 169 (E.D. Pa. Jan. 10, 1997).....13, 16

*Sarsfield v. CitiMortgage, Inc.*, 707 F. Supp. 2d 546 (M.D. Pa. 2010) ...........................8

*Sibeto v. Capella Univ.*, 2014 U.S. Dist. LEXIS 97299 (W.D. Pa. June 13, 2014) .......8

*Silver v. Mendel*, 894 F.2d 598 (3d Cir. 1990) ......................................................13, 14

*Swartley v. Hoffner*, 734 A.2d 915 (Pa. Super. Ct. 1999).............................................5

*Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650 (Pa. 2000) ...................................13

*Wooding v. United States*, 374 F. App'x 309 (3d Cir. 2010) ......................................12

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)(6) ......................................................................2

Federal Rule of Civil Procedure 12(f) ........................................................3, 4, 16, 17

## I.   __INTRODUCTION__

This case involves Plaintiffs Julie Ellen Wartluft, formerly known as Julie Ellen Bartels, and Frederick L. Bartels, Jr., (collectively "Plaintiffs"), individually and as administrators of the estate of Abrielle Kira Bartels ("Ms. Bartels"), and their claims regarding Ms. Bartels' enrollment at Milton Hershey School (the "School").

Subject to Defendants' pending motion to transfer this action to the Middle District of Pennsylvania, Defendants move to dismiss Plaintiffs' tort claims for failure to state claims on which relief can be granted.[1]  Plaintiffs' tort claims should be dismissed because Plaintiffs' relationships with the School, including Ms. Bartels' enrollment and the alleged "termination" from the School, and the services the School did or did not provide, is governed by contract principles.[2]  Although Plaintiffs assert breach of contract claims, they repackage these claims that are based on contractual duties, and improperly reassert them as tort claims.  These tort claims are precluded by the gist of the action doctrine.  In addition, even if Plaintiffs' tort claims were not based on alleged contractual duties, Plaintiffs fail to adequately state misrepresentation, infliction of emotional distress, and other tort claims that should be dismissed.

Plaintiffs also include impertinent allegations in the Complaint.  They make allegations regarding compensation of directors of Hershey Trust Company, and an inquiry regarding stock trades and purported conflicts of interest at Hershey Trust Company.  These allegations are immaterial to their claims and should be stricken from the Complaint.

---

[1] A determination on the substantive claims should be deferred to the transferee court. *See Farkas v. Rich Coast Corp.*, 2014 U.S. Dist. LEXIS 16708 (E.D. Pa. Feb. 11, 2014) (granting motion to transfer venue and leaving motion to dismiss for transferee court to decide).  At this time, Defendants are not moving to dismiss the following claims that Plaintiffs assert: Count I- Fair Housing Act, Count II- Breach of Contract, Count V-Wrongful Death, Count VI – Survival Act, and Count XIII- Negligence *Per Se*.

[2] For purposes of this motion, Defendants, as appropriate at this procedural stage, do not challenge the facts asserted by Plaintiffs.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The School is a cost-free, residential school in Hershey, Pennsylvania for children from families of low income, limited resources, and social need.  Compl. ¶ 2.  The School provides all of its services to students free of charge.  Compl. Exhibit A ¶ 18.

Ms. Bartels began as a student enrolled at the School in 2004.  Compl. ¶ 21. Plaintiffs initiated this dispute against, *inter alia*, the School asserting a variety of claims arising out of Ms. Bartels' enrollment at the School.  Compl. ¶¶ 169-282.  Plaintiffs seek to enforce provisions of the School's Handbook, and various policies including an equal opportunity policy. Plaintiffs assert that they are third party beneficiaries of a settlement agreement the School entered into with the Department of Justice ("ADA Settlement Agreement").  Compl. ¶¶ 48-62, 75-77.  In addition to alleged breach of contract claims, Plaintiffs assert both intentional and negligent tort claims.  Compl. ¶¶ 192-282.  Finally, Plaintiffs request a variety of forms of injunctive relief regarding changes at the School, and also seek compensatory, actual, and punitive damages.  *See* Compl. Prayer for Relief.

On August 9, 2016, Defendants filed a motion to transfer venue to the Middle District of Pennsylvania.  (Doc. No. 11).  Defendants seek to transfer venue based on Plaintiffs' agreement to venue in the Middle District, and also because all of the activities regarding Plaintiffs occurred there and virtually all of the parties and witnesses are located there.

## III.    LEGAL STANDARD

### A.     Motion to Dismiss For Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  In order to survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plaintiff's

factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (quotation marks, citations, and footnote omitted).

Since *Iqbal*, the Court of Appeals for the Third Circuit has instructed district courts to conduct a two-part analysis when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted). In deciding whether to dismiss a case, a district court should consider the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

**B.**     **Motion to Strike**

Rule 12(f) permits a court to "strike from a pleading…any redundant, immaterial, impertinent or scandalous matter." *See* Fed. R. Civ. P. 12(f). "Impertinent" matters are statements that do not pertain, and are not necessary, to the issues in the complaint. *Boseman v. Upper Providence Twp.*, 2016 U.S. Dist. LEXIS 10294, at *51 (E.D. Pa. Jan. 26, 2016) (citing *Chec v. Crescent Hills Coal Co.*, 2002 WL 31002883, at *28 (W.D. Pa. July 15, 2002)). A "scandalous" matter is one that paints a derogatory picture of a party, contains repulsive

language, or undermines the dignity of the court. *Id.* (citing *Carone v. Whalen*, 121 F.R.D. 231, 233 (M.D. Pa. July 29, 1988)). The court may decide motions to strike on the basis of the pleadings only. *Quinones v. Lehigh Valley Health Network, Inc.*, 2015 U.S. Dist. LEXIS 127421, at *8 (E.D. Pa. Sept. 22, 2015) (internal quotation marks omitted). The court has "considerable discretion" when evaluating a Rule 12(f) motion to strike. *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428-29 (E.D. Pa. 2007).

## IV.    ARGUMENT

### A.    Plaintiffs' Tort Claims Should Be Dismissed Because They Are Grounded in Contract.

Plaintiffs' tort claims are based on contractual duties. The relationship between a school and student, and the duties that are owed in that relationship, are controlled by contract law. Plaintiffs acknowledge this contractual relationship by asserting a variety of breach of contract claims; they then recast their breach of contract claims and the contractual duties they allege as torts, attempting to assert negligence, misrepresentation, fiduciary duty, infliction of emotional distress and conspiracy claims that all stem from the contractual duties that they allege in the Complaint. The gist of the action doctrine bars these tort claims.[3]

The gist of the action doctrine "maintain[s] the conceptual distinction between breach of contract claims and tort claims . . . and precludes plaintiffs from recasting ordinary breach of contract claims as tort claims." *McShea v. City of Phila.*, 995 A.2d 334, 339 (Pa. 2010) (citation and internal quotation marks omitted). The central analysis is whether the duty that is breached is one created by contract, or a broader social duty that is applied to all individuals. *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 60 (Pa. 2014). The nature of the duty alleged to have been breached, as established by the underlying averments in the plaintiffs' complaint –

---

[3] Defendants are not moving to dismiss Plaintiffs' breach of contract claims.

and not the mere labeling of the claim – is the critical determining factor. *Id.* at 54, 55. The gist

of the action doctrine bars tort claims: "(1) arising solely from a contract between the parties;

(2) where the duties allegedly breached were created and grounded in the contract itself;

(3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a

breach of contract claim. . . ." *eToll, Inc. v. Elias/Savion Adver.*, 811 A.2d 10, 19 (Pa. Super. Ct.

2002) (citation and internal quotation marks omitted).[4] Stated another way, the gist of the action

doctrine prevents breach of contract claims from being repackaged as tort claims and the

touchstone of the analysis is the source of the duty. *EQT Prod. Co. v. Terra Servs., LLC*, 2016

U.S. Dist. LEXIS 48895, at *16 (W.D. Pa. Apr. 12, 2016).

   The gist of the action is particularly appropriate in cases involving the relationship

between a private school and a student because that relationship is grounded in contract law.

*See, e.g.*, *Gati v. Univ. of Pittsburgh*, 91 A.3d 723, 731 (Pa. Super. Ct. 2014); *Swartley v.*

*Hoffner*, 734 A.2d 915, 919 (Pa. Super. Ct. 1999) (holding that the relationship between a private

educational institution and a student is contractual in nature)*; Harris v. St. Joseph's Univ.*, 2014

U.S. Dist. LEXIS 65452, at *7 (E.D. Pa. May 12, 2014) (acknowledging that relationship

between student and private school is governed by contract law). The contract is "comprised of

the written guidelines, policies and procedures as contained in the written materials distributed to

the student over the course of their enrollment in the institution." *Kimberg v. Univ. of Scranton*,

411 Fed. Appx. 473, 479 (3d Cir. 2010) (quoting *Swartley*, 734 A.2d at 919).

   As summarized by Plaintiffs in the introductory paragraphs of their Complaint,

the crux of their claims is, as they describe it, the "heartless strategy of expelling Abbie" which

led to emotional and economic damages. Compl., introductory paragraph. This is fundamentally

---

[4] The Court in *Bruno* recognized that the *eToll* court incorporated the "source of duty distinction" into its analysis. *Bruno*, 106 A.3d at 69 n.17.

a claim about Ms. Bartels' enrollment at the School.  Plaintiffs claim that Ms. Bartels was deprived of the benefits of an education at the School and that she suffered from a variety of emotional damages upon knowledge that her enrollment was under review.  *See generally* Compl.  In addition to their claim regarding her enrollment, Plaintiffs also allege throughout their Complaint that the School created a variety of contractual obligations, both in its Handbook, an equal opportunity policy, and the ADA Settlement Agreement.  Compl. ¶¶ 193-98.  Plaintiffs assert that these alleged contracts created obligations governing Ms. Bartels' relationship with the School and its conduct toward her.  Compl. ¶ 195.  Indeed, Plaintiffs allege that Defendants failed to comply with these promises when caring for Ms. Bartels, resulting in discrimination against her.  *See* Compl. ¶¶ 61, 73.  Plaintiffs assert that the School was contractually obligated to provide psychological services and to implement individualized plans for disabled students dealing with mental health issues.  Compl. ¶¶ 72, 76.  Plaintiffs allege that despite the School's contractual obligations, Defendants failed to follow what they agreed to do, failed to provide appropriate services and terminated Ms. Bartels' enrollment, which caused her "mental, emotional and physical harm."  Compl. ¶ 199.

Although Plaintiffs assert breach of contract claims, they then repackage the alleged breaches of contractual duties into a variety of tort claims.  All of their "negligence," misrepresentation, infliction of emotional distress, fiduciary duty, and conspiracy claims are based on their allegations regarding the services or treatment that Ms. Bartels received as a student at the School.

1.    Negligence

First, Plaintiffs recast their contract claims as negligence.  Specifically, they allege that as a result of effectuating an "expulsion policy," not returning Ms. Bartels to the School after her second admission, failing to provide a plan for Ms. Bartels, and not providing

her the treatment that it had agreed to provide to "disabled" students (all things Plaintiffs allege the School was contractually obligated to do), Plaintiffs suffered damages.  Compl. ¶¶ 210, 215.  Plaintiffs allege that Ms. Bartels was expelled because of a "policy" that violated an equal opportunity policy and the ADA Settlement Agreement.  Compl. ¶¶ 205, 216.  The duty that Plaintiffs allege flows from the alleged contracts and the School-student relationship.  Ms. Bartels' enrollment at the School, and the School's provision of services to her, are based on contract principles.  Plaintiffs' request for damages makes the nature of their claims clear – they seek, *inter alia*, compensatory damages based on the alleged value of an education at the School (*i.e.*, the benefit of the bargain).  Compl. ¶¶ 210, 217 (asserting that Plaintiff has been denied "at least $400,000 worth of education at MHS and over $80,000 in post-secondary benefits").  Plaintiffs are attempting to enforce Ms. Bartels' enrollment at the School and its provision of services to her – duties that are created and governed by contract.  As a result, Plaintiffs' negligence claims should be dismissed.  *Reardon v. Allegheny Coll.*, 926 A.2d 477, 487 (Pa. Super. Ct. 2007) (finding that the trial court correctly applied the "gist of the action" doctrine when dismissing plaintiff's negligence claim against a school as legally defective because the negligence claim was merely a "re-characterized contract claim"); *Bancorp Bank v. Lawyers Title Ins. Corp.*, 2014 U.S. Dist. LEXIS 92151 (E.D. Pa. July 8, 2014) (dismissing plaintiff's negligence claim that was "inextricably intertwined with [the] breach of contract claim" because the "gist of the action" was contractual); *Oehlmann v. Metro. Life Ins. Co.*, 644 F. Supp. 2d 521 (M.D. Pa. 2007) (barring plaintiff's negligence claim based on "gist of the action" doctrine because any legal duties owed to the plaintiff arose from the contract).

2.    Negligent and intentional misrepresentation

Second, Plaintiffs allege that the School made negligent and intentional misrepresentations.  The alleged "misrepresentations" are statements in the ADA Settlement

Agreement, an equal opportunity policy, and the Handbook – which Plaintiffs allege are the contracts that were breached.[5]  *Compare* Compl. ¶¶ 230, 242 and Compl. ¶¶ 193-96.  Plaintiffs' misrepresentation claims are nothing more than the alleged contractual statements repackaged in tort clothing.  As a result, they should be dismissed.  *Bealer v. Mut. Fire, Marine & Inland Ins. Co.*, 242 Fed. Appx. 802, 804 (3d Cir. 2007) (affirming the district court's decision to grant defendant's motion to dismiss plaintiff's negligent misrepresentation claim based on the "gist of the action" doctrine because "the gravamen of the claims [was] in contract");  *Sibeto v. Capella Univ.*, 2014 U.S. Dist. LEXIS 97299 (W.D. Pa. June 13, 2014) (recommending dismissal of intentional and negligent misrepresentation claims that arose from enrollment in educational program);  *Insyte Med. Techs., Inc. v. Lighthouse Imaging, LLC*, 2014 U.S. Dist. LEXIS 34030 (E.D. Pa. Mar. 11, 2014) (barring plaintiff's claims for negligence and negligent misrepresentation under the "gist of the action" doctrine when the only representations alleged were that defendant would adhere to the contract);  *Sarsfield v. CitiMortgage, Inc*., 707 F. Supp. 2d 546 (M.D. Pa. 2010) (granting defendant's motion to dismiss plaintiffs' negligence and negligent representation claims with prejudice citing the "gist of the action" doctrine because the claims depended on the obligations imposed by the contract).

### 3.     Infliction of emotional distress

Third, Plaintiffs' claims for infliction of emotional distress, both negligent and intentional, are also based on the alleged breaches of contract.  Plaintiffs allege that Defendants caused emotional distress by breaching contractual duties.  Specifically, they allege that by not complying with the ADA Settlement Agreement, and an equal opportunity policy, Defendants caused emotional distress.  Compl. ¶ 249.  Moreover, they claim that the threat of expulsion, and

---

[5] For their intentional misrepresentation claim, Plaintiffs use the identical "representations" that they allege in their negligent misrepresentation claim.  *See* Compl. ¶ 242.

rescission of the invitation to graduation events, caused emotional distress. Compl. ¶ 251.

Plaintiffs claim that the School "fail[ed] to protect her" from pain and suffering "related to her

proposed expulsion." Compl. ¶ 257. Whether and when Ms. Bartels' enrollment could be

terminated, and the services that the School agreed to provide, are based on contract. Plaintiffs

cannot expand their damages by recasting their claims regarding Ms. Bartels' enrollment or

Plaintiffs' Complaint about the services that were provided as a tort claim. *Gouda v. Harcum

Junior Coll.*, 2015 U.S. Dist. LEXIS 72562 (E.D. Pa. June 4, 2015) (dismissing negligent

infliction of emotional distress claim finding that plaintiff's claim stems from the contractual

relationship with the school); *Oehlmann*, 644 F. Supp. 2d 521 (barring plaintiff's claims for

negligent infliction of emotional distress because the relationship between the parties arose from

the contract).

    4.   <u>Breach of fiduciary duty</u>

       Fourth, Plaintiffs assert a breach of fiduciary duty claim arising out of contractual

duties. Even if they could state a claim (and no fiduciary duty has been recognized in

Pennsylvania between a school and its student), the duty that they characterize as a "fiduciary

duty" is defined by contract. Plaintiffs allege that "not following through" on the ADA

Settlement Agreement, an equal opportunity policy, and the Handbook, and failing to "comply

with" those contracts is a basis for the alleged breach of fiduciary duty. Compl. ¶ 271.

Plaintiffs' allegation that Defendants failed to "implement policies" that would prevent incidents

of discrimination is based on the obligations created by the contracts that they seek to enforce.

Compl. ¶ 271. To the extent that Plaintiffs allege a basis that is not derived from an alleged

contract (i.e. "failing to appoint childcare and mental health experts to their boards" and "failing

to hire qualified senior MHS administrators"), Plaintiffs fail to allege any facts, as opposed to the

bald legal conclusions, to make a plausible showing that the School placed its interest above

those of a student.  *Manning v. Temple Univ.*, 2004 U.S. Dist. LEXIS 26129 (E.D. Pa. Dec. 30,

2004) (granting judgment where no evidence of action for personal gain or own advantage).  As

a result, Plaintiffs' breach of fiduciary duty claim should be dismissed.  *Insyte Med.*, 2014 U.S.

Dist. LEXIS 34030 (dismissing breach of fiduciary duty claim based on gist of action doctrine).

     5.   <u>Conspiracy</u>

Fifth, Plaintiffs' conspiracy claim is based on their allegations that the contractual

provisions were not "enacted, enforced or abided by,"  Compl. ¶ 264, and that the failure to abide

by these requirements (i.e. the contracts they allege) were overt acts to endanger children.  These

are obligations that according to Plaintiffs' own Complaint are based on contracts.  Plaintiffs'

assertion is that by breaching the alleged contractual obligations, alleged discriminating practices

continued.  Compl. ¶ 265.  Plaintiffs' request for damages – $400,000 worth of education and

$80,000 of post-secondary benefits – confirms that Plaintiffs are seeking to obtain the benefit of

enrollment at the School.  Compl. ¶ 267.  Plaintiffs do not have a valid tort claim to assert as a

basis of their "conspiracy" and cannot repackage claims regarding Ms. Bartels' enrollment or the

ADA Settlement Agreement, an equal opportunity policy or Handbook as tort claims.  *Knit With*

*v. Knitting Fever, Inc.*, 2009 U.S. Dist. LEXIS 98217, at *57-58 (E.D. Pa. Oct. 20, 2009)

(dismissing conspiracy claim where claims were based on breach of contract) *aff'd*, 625 Fed.

Appx. 27 (3d Cir. 2015).

    **B.**    **<u>Intentional Creation of Danger Is Not a Viable Tort.</u>**

Plaintiffs' claims that the School "created" a danger to Ms. Bartels are without

merit.  As a threshold matter, Plaintiffs have been unable to identify any case law concerning a

cause of action for "intentional creation of danger."  Pennsylvania courts will not create a new

cause of action where existing causes of action can remedy the alleged wrongs.  *See, e.g.,*

*Creeger Brick & Bldg. Supply, Inc., v. Mid-State Bank and Trust Co.*, 560 A.2d 151, 154-55 (Pa.

Super. Ct. 1989) (declining to recognize a new tort where a plaintiff's allegations were sufficient to support existing causes of action).

Here, existing principles of contract and tort law, should Plaintiff actually be able to plead the necessary facts and then prove them, provide the necessary remedies. This is underscored by the similarities between his claim for "intentional creation of danger" and other counts in the Complaint. For instance, Plaintiff argues that the School should be held liable for creating a danger where its allegedly "intentional, deliberate and reckless acts" caused Plaintiff "significant mental, emotional, physical and monetary harm." Compl. ¶ 217. While the wording varies, those allegations overlap with other claims asserted by Plaintiff. *See* Compl. ¶ 249 (claiming the School is liable for intentional infliction of emotional distress because it allegedly did "by extreme and outrageous conduct intentionally or recklessly cause several emotional distress and bodily harm" to Plaintiff). Moreover, Plaintiff requests at least $400,000 worth of an education at the School and over $80,000 of post-secondary education benefits – relief that he requests in her breach of contract claim. Compare ¶¶ 207 with 199.

Pennsylvania's common law does not recognize a tort for intentional creation of danger and there is no need for this Court to create such a cause of action. Accordingly, Count III of the Complaint should be dismissed.

### C. Plaintiffs' Misrepresentation Claims Also Fail Because They Do Not Plead Any Facts to Show That They Relied Upon Any "Misrepresentation."

Plaintiffs' claims for negligent and intentional misrepresentation fail because Plaintiffs do not identify any misrepresentations and there are no factual allegations to show that Plaintiffs or Ms. Bartels relied upon any factual representations.

A claim for intentional misrepresentation requires (1) a representation, (2) which is material to the transaction at issue, (3) made with knowledge of its falsity, or a reckless

disregard for its truth or falsity, (4) with the intention of misleading another into relying on the representation, (5) who justifiably relied on the representation, and (6) such reliance proximately caused an injury. *Wooding v. United States*, 374 F. App'x 309, 312 (3d Cir. 2010); *Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999). Negligent misrepresentation differs only in that the false representation must have been "made under circumstances in which the misrepresenter ought to have known its falsity," instead of with knowledge or reckless disregard for its falsity. *Bortz*, 729 A.2d at 561.

Plaintiffs do not allege any facts showing that they relied on any "misrepresentation." *See* Compl. ¶¶ 229-47. Plaintiffs' alleged "misrepresentations" all occurred after Ms. Bartels was already enrolled at the School. Compl. ¶ 72 ("In early 2013, the Defendants made numerous representations"). Specifically, the "misrepresentations" they allege are provisions in an equal opportunity policy sent to Plaintiffs in 2013, Compl. ¶ 73, and the Handbook that Plaintiffs received while Ms. Bartels was enrolled at the School, Compl. ¶¶ 75-77, or statements in the ADA Settlement Agreement. *Compare* Compl. ¶ 230 with ¶¶ 50-59. Plaintiffs do not and could not act in reliance on documents that they and Ms. Bartels received *after* Ms. Bartels was already enrolled at the School. Compl. ¶ 21. Plaintiffs do not allege any facts that show reliance on these representations. Instead, this lack of reliance highlights that if Plaintiffs have a claim, it is a claim for breach of an alleged contract; not a tort.

Moreover, if Plaintiffs could show that they or Ms. Bartels relied upon representations that were made *after* Ms. Bartels was already at the School, Plaintiffs do not allege any facts to show that "misrepresentations" were made with the intention of inducing Plaintiffs or Ms. Bartels to act. *See* Compl. ¶¶ 229-47. Plaintiffs assert that the School "made the misrepresentations with the intent to deceive" without any factual support for these claims.

Compl. ¶ 244.  At the time of the alleged "misrepresentations," the School was already providing

Ms. Bartels' room, board and educational services without anything in return.  Plaintiffs'

allegation that the School did not perform alleged promises is insufficient to state a claim for

misrepresentation.  *See Bortz*, 729 A.2d at 561.  Because Plaintiffs fail to allege any facts to

support their claim that there was an intent to deceive Plaintiffs or Ms. Bartels regarding alleged

"misrepresentation," their claims should be dismissed.  *Developers Sur. & Indem. Co. v.*

*Mathias*, 2013 U.S. Dist. LEXIS 173973 (M.D. Pa. Dec. 11, 2013) (dismissing claims for

intentional and negligent misrepresentation where plaintiff failed to prove factual averments).

### D. Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress.

A cause of action for intentional infliction of emotional distress can only be

established where conduct is "so outrageous in character, and so extreme in degree, as to go

beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in

a civilized society."  *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998).  The Pennsylvania

Supreme Court has "signaled their acceptance" of intentional infliction of emotional distress

claims.  *Hoy*, 720 A.2d at 753-54; *Reedy v. Evanson*, 615 F.3d 197, 231 (3d Cir. 2010).  The four

elements of a claim for intentional infliction of emotional distress are: "1) the conduct must be

extreme and outrageous; 2) the conduct must be intended; 3) the conduct must cause emotional

distress; and 4) the distress must be severe."  *Silver v. Mendel*, 894 F.2d 598, 606 n.16 (3d Cir.

1990); *See Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000).  Plaintiffs must

allege a physical injury.  *See Kazatsky v. King David Mem'l Park*, 527 A.2d 988, 995 (Pa. 1987);

*Johnson v. Caparelli*, 625 A.2d 668, 671 (Pa. Super. Ct. 1993), *allocatur denied*, 647 A.2d 511

(Pa. 1994) (recognizing the requirement of a physical injury); *Rigaud v. Garofalo*, 2005 U.S.

Dist. LEXIS 7791, at *12-13 (E.D. Pa. May 2, 2005);  *Rudas v. Nationwide Mut. Ins. Co.*, 1997

U.S. Dist. LEXIS 169 (E.D. Pa. Jan. 10, 1997) (dismissing claim for intentional infliction of emotional distress where the plaintiff had not alleged physical injury).  It is not enough to merely allege severe distress.  *Fewell v. Besner*, 664 A.2d 577 (Pa. Super. Ct. 1995).  Also, the plaintiff must support the claim with competent medical evidence at the pleading stage.  *Rosenberg v. Thomas Jefferson Univ. Hosp.*, 2016 U.S. Dist. LEXIS 63327 (E.D. Pa. May 13, 2016).

The determination of whether conduct is "extreme and outrageous" is made by the court.  *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988).  Outrageous conduct is limited to extreme situations.  *See Papieves v. Lawrence*, 263 A.2d 118 (Pa. 1970) (finding extreme and outrageous conduct when defendant hit and killed plaintiff's son with his car and buried the body in a field without notifying authorities);  *Banyas v. Lower Bucks Hosp.*, 437 A.2d 1236 (Pa. Super. Ct. 1981) (defendant's conduct was extreme and outrageous when he intentionally fabricated records reflecting that plaintiff killed a third party which led to plaintiff being indicted); *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265 (3d Cir. 1979) (defendant's team physician reported to the press that plaintiff was suffering from fatal disease which physician knew was untrue);  *Silver*, 894 F.2d at 606 ("defendants threatened the plaintiff with physical injury and the destruction of his business in order to extort money from [plaintiff] and thereafter carried out part of that threat.")

Where the alleged conduct does not reach the level of "extreme or outrageous," courts dismiss intentional infliction of emotional distress claims.  *Castellucci v. Harcum Coll.*, 2016 U.S. Dist. LEXIS 58454, at *8 (E.D. Pa. May 2, 2016) (dismissing intentional infliction of emotion distress claim where student could not complete her veterinary programs due to a mental disability and was asked to withdraw and where student alleged that the school "bombard[ed] [her,] an emotionally fragile individual"); *Britt v. Chestnut Hill Coll.*, 632 A.2d 557, 558, 561

(Pa. Super. Ct. 1993) (affirming grant of preliminary objections where student had not stated a claim for intentional infliction of emotional distress despite the allegations that the teacher deliberately gave a student a "C" and caused student not to graduate as scheduled).  Even if a party violated nondiscrimination policies, that is insufficient to state a claim for intentional infliction of emotional distress claim.  *Gouda*, 2015 U.S. Dist. LEXIS 72562, at *15 (dismissing intentional infliction of emotional distress claim where student dismissal from nursing program did not state claim even if school violated policies regarding nondiscrimination and appeals with sole purpose of dismissing student).

Here, Plaintiffs allege that the School disregarded the ADA Settlement Agreement, held itself out to be a safe environment, threatened to expel, and withdrew an invitation to 8th grade graduation.  Compl. ¶¶ 249-52.  As such, Plaintiffs' intentional infliction of emotional distress claim as it relates to Ms. Bartels must be dismissed because there was no outrageous or extreme conduct alleged in this matter.   It necessarily follows that if there was no intentional infliction of emotional distress with regard to Ms. Bartels, her parents cannot recover for the same tort.

Even if Ms. Bartels had a claim, her parents do not.  Plaintiff-parents have not alleged that they suffered any physical injury.  *Hart v. O'Malley*, 647 A.2d 542, 554 (Pa. Super. Ct. 1994) ("it is clear that in Pennsylvania, in order to state a claim under which relief can be granted for the tort of intentional infliction of emotional distress, the plaintiff[] must allege physical injury").  Plaintiff-parents do not, and cannot, allege any bodily harm.  *See generally* Compl.  Plaintiffs only allege "Defendants' conduct intentionally and/or recklessly caused … Plaintiffs severe physical and emotional distress, including severe mental anguish and horror," without alleging any facts regarding physical injury.  Compl. ¶ 253.  As a result, the claim must

be dismissed.  *See Rudas*, 1997 U.S. Dist. LEXIS 169 (dismissing claim for intentional infliction of emotional distress where the plaintiff had not alleged physical injury).

> **E.** **Plaintiffs' Allegations Regarding Compensation and Governance Related Issues Should Be Stricken From The Complaint, Pursuant to Rule 12(f), as Immaterial, Impertinent, and Scandalous.**

Plaintiffs' allegations regarding compensation and governance related issues involving Hershey Trust Company should be stricken from the Complaint because the allegations are immaterial, impertinent and scandalous.

Rule 12(f) permits a court to "strike from a pleading… any redundant, immaterial, impertinent or scandalous matter," upon a party's motion.  *See* Fed. R. Civ. P. 12(f); *Collura v. City of Phila.*, 590 Fed. Appx. 180, 185 (3d Cir. 2014).  "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  *Dombrowski v. Governor Mifflin Sch. Dist.*, 2012 U.S. Dist. LEXIS 90674, at *4 (E.D. Pa. June 29, 2012) (quoting *Natale v. Winthrop Res. Corp.*, 2008 WL 2758238, at *14 (E.D. Pa. July 9, 2008)).  "Impertinent" matters are statements that do not pertain, and are not necessary, to the issues in the complaint.  *Boseman*, 2016 U.S. Dist. LEXIS 10294, at *51 (citing *Cech*, 2002 WL 31002883, at *28).  A "scandalous" matter is one that paints a derogatory picture of a party, contains repulsive language, or undermines the dignity of the court.  *Boseman*, 2016 U.S. Dist. LEXIS 10294, at *51.  Motions to strike may be granted where the allegations are not related to the controversy and may cause prejudice to a party, or if the allegations cause confusion.  *Id.*

In this Complaint, Plaintiffs allege facts regarding the compensation paid to the members of the board of Hershey Trust Company, and also issues relating to an agreement with the Pennsylvania Office of Attorney General ("OAG").  Compl. ¶ 6, 63-66, Ex. F.  Plaintiffs refer to them in the Complaint as "a stock trade of Hershey Company stock" and a "violat[ion] [of] a conflict of interest policy."  Compl. ¶ 65.  They also make allegations regarding amounts

spent to "investigate wrongdoing." *Id.* at ¶ 66. In fact, Plaintiffs include an entire exhibit, Exhibit "F," which is a letter from the OAG to Hershey Trust Company that is unrelated to any of their claims.[6] *Id.* The exhibit and allegations in paragraphs 6, 63-66 do not relate to Plaintiffs, Ms. Bartels' enrollment, or Plaintiffs' causes of action. *See generally* Compl. Not only are they irrelevant (and incorrect) but they concern a time period after Ms. Bartels left the School. *See* Compl. ¶¶ 95-101. By making allegations that have no relationship to their causes of action, Plaintiffs attempt to paint a derogatory picture of the Defendants. Incorporating this information only serves to muddy the waters and illustrates precisely a foray into immaterial and impertinent matters.

Plaintiffs' allegations regarding compensation and governance related issues, included in paragraphs 6, 63 through 66 of Plaintiffs' Complaint and Exhibit "F," should be stricken from Plaintiffs' Complaint pursuant to Rule 12(f) as immaterial, impertinent, and scandalous. *See Boseman*, 2016 U.S. Dist. LEXIS 10294, at *51.

## V.    CONCLUSION

Plaintiffs' claims concern Ms. Bartels' enrollment at the School, and what services she was or was not provided. Plaintiffs have asserted contractual claims based on Ms. Bartels' enrollment and various policies and procedures at the School. Those claims are not tort claims and, no matter how they are clothed, the duties allegedly breached are still based on the alleged contractual obligations. Accordingly, Plaintiffs' tort claims are precluded by the gist of the action doctrine, or otherwise fail to state claims, and should be dismissed.

---

[6] The May 2013 Agreement that Plaintiffs reference in the Complaint was superseded by a new agreement among the School, Hershey Trust Company and the OAG, dated July 29, 2016. *In re: Milton Hershey School*, 712 of 1963 (Dauphin Cnty. Orphans' Ct. 1963).

Respectfully submitted,

*s/ Justin G. Weber*
Thomas B. Schmidt, III (PA 19196)
Justin G. Weber (PA 89266)
PEPPER HAMILTON LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, PA  17108-1181
717.255.1155
717.238.0575 (fax)
schmidtt@pepperlaw.com
weberjg@pepperlaw.com

Dated:  September 12, 2016          Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2016, I electronically filed the foregoing

*Defendants' Brief in Support of Their Motion to Dismiss* which will send notification of such

filing to counsel of record for all parties.


<u>*s/ Justin G. Weber*</u>
Justin G. Weber (PA 89266)