## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN BARTELS AND FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> THE MILTON HERSHEY SCHOOL, <br><br> and <br><br> THE HERSHEY TRUST COMPANY, AS TRUSTEE OF THE MILTON HERSHEY SCHOOL TRUST, <br><br> Defendants. | C.A. NO.: 1:16-cv-02145-CCC <br><br> (CONNER, C.J.) |

## <u>ORDER</u>

Now, this _____ day of _____, 2017, upon consideration of the Joint Motion to extend the deadlines set forth in the Court's November 23, 2016, Case Management Order, (Dkt. 41), jointly filed by Plaintiffs, Julie Ellen Wartluft f/n/a Frederick L. Bartels, Jr., Individually and as Administrators of the Estate of Kira Abrielle Bartels, Deceased (together, "Plaintiffs"),  and Defendants Milton Hershey School and Hershey Trust Company, it is HEREBY ORDERED that the Joint Motion is GRANTED as follows:

1.     The Court's November 23, 2016, Case Management Order, (Dkt. 41), is vacated; and

2.      The Court shall issue a new Case Management Order extending all

deadlines by forty-five days.


_____
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN BARTELS AND FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased, <br><br>                  Plaintiffs, <br><br>      vs. <br><br> THE MILTON HERSHEY SCHOOL, <br><br> and <br><br> THE HERSHEY TRUST COMPANY, AS TRUSTEE OF THE MILTON HERSHEY SCHOOL TRUST, <br><br>                  Defendants. | C.A. NO.: 1:16-cv-02145-CCC <br><br> (CONNER, C.J.) |

**<u>JOINT MOTION TO EXTEND THE COURT'S
CASE MANAGEMENT ORDER</u>**

Defendants Milton Hershey School, and Hershey Trust Company, as trustee

of the Milton Hershey School, (identified in the caption and Amended Complaint

as the "Hershey Trust Company, as Trustee of the Milton Hershey School Trust"),

and Plaintiffs, Julie Ellen Wartluft f/n/a Frederick L. Bartels, Jr., Individually and

as Administrators of the Estate of Kira Abrielle Bartels, Deceased (together,

"Plaintiffs"), jointly move to extend the deadlines set forth in this Court's

November 23, 2016, Case Management Order, (Dkt. 41), pursuant to Federal Rules

of Civil Procedure 6(b) and 16(b)(4).  The parties incorporate by reference the

accompanying memorandum of law as though set forth in full herein, and all

parties concur with this Motion.


Respectfully submitted,


/s Gregory F. Cirillo                        /s Jarad W. Handelman
Gregory F. Cirillo, Esquire              Jarad W. Handelman, Esquire
(PA 46878)                                   (PA 82629)
John J. Higson, Esquire                   Kyle M. Elliott, Esquire
(PA 80720)                                   (PA 306836)
Dilworth Paxson LLP                       Elliott Greenleaf, P.C.
1500 Market Street, Suite 3500E     17 N. Second Street, Suite 1420
Philadelphia, PA 19102                   Harrisburg, PA 17101
215.575.7000 (phone)                     717.307.2600 (phone)
gcirillo@dilworthlaw.com              717.307.2060 (fax)
jhigson@dilworthlaw.com              215.977.1000 (phone)
*Counsel for Plaintiffs*                    215.977.1099 (fax)
                                                   jwh@elliottgreenleaf.com
                                                   kme@elliottgreenleaf.com
                                                   *Counsel for Defendants*


Dated: April 6, 2017

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN BARTELS AND FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased, | : : : : : : | |
| Plaintiffs, | : : | C.A. NO.: 1:16-cv-02145-CCC |
| vs. | : : : | (CONNER, C.J.) |
| THE MILTON HERSHEY SCHOOL, | : : | |
| and | : : | |
| THE HERSHEY TRUST COMPANY, AS TRUSTEE OF THE MILTON HERSHEY SCHOOL TRUST, | : : : : | |
| Defendants. | : : | |

## MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' JOINT MOTION TO EXTEND THE COURT'S CASE MANAGEMENT ORDER

Defendants Milton Hershey School, and Hershey Trust Company, as trustee of the Milton Hershey School, (identified in the caption and Amended Complaint as the "Hershey Trust Company, as Trustee of the Milton Hershey School Trust"), and Plaintiffs, Julie Ellen Wartluft f/n/a Frederick L. Bartels, Jr., Individually and as Administrators of the Estate of Kira Abrielle Bartels, Deceased ("AB"), jointly move to extend the deadlines set forth in this Court's November 23, 2016, Case Management Order, (Dkt. 41), pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4).

I.    **BACKGROUND**

Following the filing of the Complaint in this action, on or about September 27, 2016, this case was transferred from the United States District Court for the Eastern District of Pennsylvania to this judicial district.  (Dkts. 18-19.)  On October 28, 2016, Plaintiffs filed an Amended Complaint against Defendants bringing claims based on: the Fair Housing Act, 42 U.S.C. § 3602, *et seq.* ("FHA") (Count I); negligence (Count III); wrongful death (Count V); survival act (Count VI); negligent misrepresentation (Count VII); intentional misrepresentation (Count VIII); intentional infliction of emotional distress (Count IX); negligent infliction of emotional distress (Count X); civil conspiracy (Count XI); breach of fiduciary duty (Count XII); and negligence *per se* (Count XIII).[1]  (Dkt. 29.)  On November 14, 2016, Defendants moved to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkts. 31-32.)  The motion to dismiss is currently pending before this Court.

On November 23, 2016, the Court entered a Case Management Order setting, *inter alia*, the following deadlines:

- Fact discovery completed by May 16, 2017;

- Dispositive motions filed by June 16, 2017; and

_____

[1] Counts II, and IV from the original Complaint were omitted from the Amended Complaint.  *See* (Dkt. 1.)

- July selection/trial date on November 6, 2017.

(Dkt. 41.)

Thereafter, on January 5, 2017, undersigned defense counsel entered their appearances on behalf of Defendants, (Dkts. 44-45), and prior counsel withdrew their appearances.

The parties have diligently conducted written and oral discovery in this action. Defendants have produced approximately 2,100 pages of documents, and Plaintiffs have likewise produced approximately 600 pages of materials. Supplemental written discovery is ongoing.

The parties have also conducted six oral or videotaped depositions, with Plaintiffs deposing four of Defendants witnesses, and Defendants deposing Plaintiff Fred Bartels, and Karen Fitzpatrick. Plaintiffs and Defendants, in good faith, continue to schedule additional depositions of individuals under the control of Defendants, Plaintiff Julie Wartluft, and various third-parties, including Plaintiffs' children.

## II.   **ARGUMENT**

Pursuant to Rule 16(b)(4), a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d

Cir. 2010).  Here, for the following reasons, the parties have demonstrated due diligence, and the deadlines set forth in the Court's Case Management Order, (Dkt. 41), should be extended by forty-five days.

First, Plaintiffs filed a complex action advancing multiple theories of liability based upon, *inter alia*, the FHA.  According to the Amended Complaint, Defendants discriminated against AB based upon a purported mental health disability.  In order to adequately investigation Plaintiffs' claims and Defendants' defenses, the parties intend to conduct numerous additional depositions as outlined in their Joint Case Management Plan.  (Dkt. 35.)  Plaintiffs intend to depose additional medical and mental health professionals associated with Defendants who provided treatment to AB, as well as other representatives, employees or agents of Defendants.  Similarly, Defendants anticipate deposing Plaintiff Julie Wartluft, AB's family members, third-party medical providers unaffiliated with Defendants, and other third-parties.  The parties are amicably working to scheduling these important discovery depositions.

Second, in light of the causes of action asserted by Plaintiffs and the allegations of mental health disabilities, Defendants have subpoenaed, and are going to subpoena third-party medical providers who have provided medical and mental health treatment to AB.  Plaintiffs also may issue third-party document subpoenas or deposition subpoenas.  Typically, third-party medical providers

4

refuse to comply with subpoenas for these types of records without a Court order (based on the Health Insurance Portability and Accountability Act of 1996, and similar state laws, like the Pennsylvania Mental Health Procedures Act), and Defendants may need to request the Court's intervention to promptly secure these highly relevant documents.

Third, undersigned counsel are the same counsel in *Dobson v. Milton Hershey School, et al.*, 1:16-CV-1958-CCC (M.D. Pa.), which is also assigned to this Court. The *Dobson* matter involves complex theories of liability and causes of action. The parties are coordinating discovery in that complex litigation as well.

Fourth, the parties are filing this Motion jointly, and the discovery deadline has not expired. Thus, the parties respectfully request that all Case Management Order deadlines be extended for forty-five days.

## III.   **CONCLUSION**

For the foregoing reasons, and for good cause shown, the parties jointly request that the Court enter an Order extending all case management deadlines by forty-five days.

Respectfully submitted,

/s Gregory F. Cirillo                      /s Jarad W. Handelman
Gregory F. Cirillo, Esquire               Jarad W. Handelman, Esquire
(PA 46878)                                (PA 82629)
John J. Higson, Esquire                   Kyle M. Elliott, Esquire
(PA 80720)                                (PA 306836)
Dilworth Paxson LLP                       Elliott Greenleaf, P.C.
1500 Market Street, Suite 3500E           17 N. Second Street, Suite 1420
Philadelphia, PA 19102                    Harrisburg, PA 17101
215.575.7000 (phone)                      717.307.2600 (phone)
gcirillo@dilworthlaw.com                  717.307.2060 (fax)
jhigson@dilworthlaw.com                   215.977.1000 (phone)
*Counsel for Plaintiffs*                   215.977.1099 (fax)
                                          jwh@elliottgreenleaf.com
                                          kme@elliottgreenleaf.com
                                          *Counsel for Defendants*

Dated: April 6, 2017

6

## <u>CERTIFICATION OF CONCURRENCE</u>

Pursuant to Local Civil Rule 7.1, as this Motion is filed jointly, all counsel

concur with the Motion.

Respectfully submitted,


/s Gregory F. Cirillo                             /s Jarad W. Handelman

Gregory F. Cirillo, Esquire              Jarad W. Handelman, Esquire
(PA 46878)                                      (PA 82629)
John J. Higson, Esquire                    Kyle M. Elliott, Esquire
(PA 80720)                                      (PA 306836)
Dilworth Paxson LLP                       Elliott Greenleaf, P.C.
1500 Market Street, Suite 3500E      17 N. Second Street, Suite 1420
Philadelphia, PA 19102                    Harrisburg, PA 17101
215.575.7000 (phone)                     717.307.2600 (phone)
gcirillo@dilworthlaw.com               717.307.2060 (fax)
jhigson@dilworthlaw.com               215.977.1000 (phone)
*Counsel for Plaintiffs*                      215.977.1099 (fax)
                                                     jwh@elliottgreenleaf.com
                                                     kme@elliottgreenleaf.com
                                                     *Counsel for Defendants*


Dated: April 6, 2017

## **CERTIFICATE OF SERVICE**

I, Kyle M. Elliott, Esquire, hereby certify that I caused the foregoing Joint

Motion to Extend the Court's Case Management Order to be filed electronically

with the Court, where it is available for viewing and downloading from the Court's

ECF system, and that such electronic filing automatically generates a Notice of

Electronic Filing constituting service of the filed document upon all counsel of

record, including:

Gregory F. Cirillo, Esquire
John J. Higson, Esquire
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
215.575.7000 (phone)
gcirillo@dilworthlaw.com
jhigson@dilworthlaw.com
*Counsel for Plaintiffs*

                                        /s Kyle M. Elliott
                                        Kyle M. Elliott, Esquire

Dated: April 6, 2017