## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN BARTELS AND FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased, | C.A. NO.: 1:16-cv-02145-CCC |
| Plaintiffs, | (CONNER, C.J.) |
| vs. | |
| THE MILTON HERSHEY SCHOOL, | |
| and | |
| THE HERSHEY TRUST COMPANY, AS TRUSTEE OF THE MILTON HERSHEY SCHOOL TRUST, | |
| Defendants. | |

## <u>ORDER</u>

Now, this _____ day of _____, 2017, upon consideration of

the Joint Motion to extend the deadlines set forth in the Court's April 7, 2017, Case

Management Order (Dkt. 56), jointly filed by Plaintiffs, Julie Ellen Wartluft f/n/a

Julie Ellen Bartels, and Frederick L. Bartels, Jr., Individually and as

Administrators of the Estate of Abrielle Kira Bartels, Deceased (together,

"Plaintiffs"),  and Defendants The Milton Hershey School, and The Hershey Trust

Company, it is hereby ORDERED that the Joint Motion is GRANTED as follows:

1.      The Court's April 7, 2017, Case Management Order (Dkt. 56), is

vacated; and

2.      The Court shall issue a new Case Management Order extending all

deadlines by sixty-seven days, thereby designating the discovery deadline

September 8, 2017.


_____
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN BARTELS AND FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased,<br><br>                Plaintiffs,<br><br>    vs.<br><br>THE MILTON HERSHEY SCHOOL,<br><br>and<br><br>THE HERSHEY TRUST COMPANY, AS TRUSTEE OF THE MILTON HERSHEY SCHOOL TRUST,<br><br>                Defendants. | C.A. NO.:<br>1:16-cv-02145-CCC<br><br>(CONNER, C.J.) |

**JOINT MOTION TO EXTEND THE COURT'S**
**CASE MANAGEMENT ORDER**

Defendants The Milton Hershey School, and The Hershey Trust Company,

as trustee of The Milton Hershey School (identified in the caption and Amended

Complaint as "The Hershey Trust Company, as Trustee of the Milton Hershey

School Trust"), and Plaintiffs, Julie Ellen Wartluft f/n/a Julie Ellen Bartels, and

Frederick L. Bartels, Jr., Individually and as Administrators of the Estate of

Abrielle Kira Bartels, Deceased ("Abrielle Bartels") (together, "Plaintiffs"), jointly

move to extend the deadlines set forth in this Court's April 7, 2017, Case

Management Order (Dkt. 56), pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4).

## I.  **BACKGROUND**

Following the filing of the Complaint in this action, on or about September 27, 2016, this case was transferred from the United States District Court for the Eastern District of Pennsylvania to this judicial district.  (Dkts. 18-19.)  On October 28, 2016, Plaintiffs filed an Amended Complaint against Defendants bringing claims based on: the Fair Housing Act, 42 U.S.C. § 3602, *et seq.* ("FHA") (Count I); negligence (Count III); wrongful death (Count V); survival act (Count VI); negligent misrepresentation (Count VII); intentional misrepresentation (Count VIII); intentional infliction of emotional distress (Count IX); negligent infliction of emotional distress (Count X); civil conspiracy (Count XI); breach of fiduciary duty (Count XII); and negligence *per se* (Count XIII).[1]  (Dkt. 29.)  On November 14, 2016, Defendants moved to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkts. 31-32.) The motion to dismiss is currently pending before this Court.

The parties have conducted written and oral discovery in this action. Defendants have produced approximately 2,200 pages of documents, and Plaintiffs

---

[1] Counts II, and IV from the original Complaint were omitted from the Amended Complaint.  *See* (Dkt. 1.)

have likewise produced approximately 600 pages of materials.  Supplemental written discovery is ongoing.  Notwithstanding such production, there remain multiple outstanding objections by Plaintiffs and Defendants as to the sufficiency of discovery responses, the resolution of which may prompt the need for additional discovery, or involvement by the court.

The parties have also conducted thirteen depositions thus far in the case, however, additional depositions are required that cannot be completed prior to the expiration of the current discovery deadline.  Plaintiffs and Defendants continue to schedule additional depositions, including representatives of various third-party mental health providers (who have lodged outstanding objections to written discovery and depositions) and other witnesses identified in discovery as having relevant information concerning the case, including one witness who is incarcerated, Plaintiffs' son Joshua Bartels.

## II.   <u>ARGUMENT</u>

Pursuant to Rule 16(b)(4), a pretrial scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Rule 16(b)'s "good cause" standard "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010).  Here, for the following reasons, the parties have demonstrated due

diligence, and the deadlines set forth in the Court's Case Management Order (Dkt. 56), should be extended by sixty-seven days.

First, Defendants' motion to dismiss remains pending before the Court. Accordingly, Defendants have not yet answered the Amended Complaint and the current discovery deadline will necessarily lapse, even were the motion decided today, before the filing of any Answer filed by Defendants.  Defendants' Answer may potentially include Affirmative Defenses not yet known or otherwise articulated to Plaintiffs, and potentially may include claims and/or additional parties not yet named in the suit and about which the parties will not have undertaken any discovery (were the deadline to lapse on June 30, 2017).  (Dkts. 31-32.)  The parties should not be precluded from taking discovery following the filing of an Answer to the Amended Complaint, inclusive of asserted Affirmative Defenses and any additional responses included therein.

Second, Plaintiffs have filed a complex action advancing multiple theories of liability based upon, *inter alia*, the FHA, and negligence based actions.  In order to adequately investigate Plaintiffs' claims and Defendants' defenses, the parties intend to conduct additional depositions as outlined in their Joint Case Management Plan and Initial (and supplemented) Disclosures.  (Dkt. 35.)  The parties intend to depose additional third-parties, such as medical and mental health professionals, records custodians, as well as other third-party fact witnesses.  The

4

parties continue to work to schedule these important discovery depositions, but such scheduling cannot be completed prior to the expiration of the current discovery deadline.

Third, in light of the causes of action asserted by Plaintiffs and the allegations of mental health disabilities, Plaintiffs and Defendants have subpoenaed third-party medical providers who have provided medical and mental health treatment to Abrielle Bartels. Some of those providers, however, have failed to comply with the subpoenas and have not produced documents, including the assertion of objections to document productions and attempted depositions. Typically, third-party medical providers refuse to comply with subpoenas for these types of records without a Court order (based on the Health Insurance Portability and Accountability Act of 1996, and similar state laws, like the Pennsylvania Mental Health Procedures Act), and Defendants may need to request the Court's intervention to promptly secure these highly relevant documents. The parties are actively meeting and conferring with third-party mental health providers in order to obtain these highly relevant and discoverable medical materials, but it is unlikely that all such disputes will be resolved prior to June 30, 2017, and a certainty that any associated depositions can be completed prior to the expiration of the current discovery deadline.

Fourth, undersigned counsel are the same counsel in *Dobson v. Milton Hershey School, et al.*, 1:16-CV-1958-CCC (M.D. Pa.), which is also assigned to this Court.  The *Dobson* matter involves complex theories of liability and causes of action.  The parties are coordinating discovery in that complex litigation as well.

Fifth, the parties are filing this Motion jointly, and the discovery deadline has not yet expired.  Thus, the parties respectfully request that all Case Management Order deadlines be extended for sixty-seven days, thereby designating September 8, 2017 as the discovery deadline.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, and for good cause shown, the parties jointly request that the Court enter an Order extending all case management deadlines as outlined above.

Respectfully submitted,

/s Gregory F. Cirillo
Gregory F. Cirillo, Esquire
(PA 46878)
John J. Higson, Esquire
(PA 80720)
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
215.575.7000 (phone)
gcirillo@dilworthlaw.com
jhigson@dilworthlaw.com
*Counsel for Plaintiffs*

/s Jarad W. Handelman
Jarad W. Handelman, Esquire
(PA 82629)
Kyle M. Elliott, Esquire
(PA 306836)
Elliott Greenleaf, P.C.
17 N. Second Street, Suite 1420
Harrisburg, PA 17101
717.307.2600 (phone)
717.307.2060 (fax)
215.977.1000 (phone)
215.977.1099 (fax)
jwh@elliottgreenleaf.com
kme@elliottgreenleaf.com
*Counsel for Defendants*

Dated: June 19, 2017

## <u>CERTIFICATION OF CONCURRENCE</u>

Pursuant to Local Civil Rule 7.1, as this Motion is filed jointly, all counsel

concur with the Motion.

Respectfully submitted,


<u>/s Gregory F. Cirillo</u>                    <u>/s Jarad W. Handelman            </u>
Gregory F. Cirillo, Esquire            Jarad W. Handelman, Esquire
(PA 46878)                             (PA 82629)
John J. Higson, Esquire                Kyle M. Elliott, Esquire
(PA 80720)                             (PA 306836)
Dilworth Paxson LLP                    Elliott Greenleaf, P.C.
1500 Market Street, Suite 3500E        17 N. Second Street, Suite 1420
Philadelphia, PA 19102                 Harrisburg, PA 17101
215.575.7000 (phone)                   717.307.2600 (phone)
gcirillo@dilworthlaw.com               717.307.2060 (fax)
jhigson@dilworthlaw.com                215.977.1000 (phone)
*Counsel for Plaintiffs*                215.977.1099 (fax)
                                       jwh@elliottgreenleaf.com
                                       kme@elliottgreenleaf.com
                                       *Counsel for Defendants*


Dated: June 19, 2017

## **CERTIFICATE OF SERVICE**

I, Kyle M. Elliott, Esquire, hereby certify that I caused the foregoing Joint

Motion to Extend the Court's Case Management Order to be filed electronically

with the Court, where it is available for viewing and downloading from the Court's

ECF system, and that such electronic filing automatically generates a Notice of

Electronic Filing constituting service of the filed document upon all counsel of

record, including:

Gregory F. Cirillo, Esquire
John J. Higson, Esquire
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
215.575.7000 (phone)
gcirillo@dilworthlaw.com
jhigson@dilworthlaw.com
*Counsel for Plaintiffs*

/s Kyle M. Elliott
Kyle M. Elliott, Esquire

Dated: June 19, 2017