## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN BARTELS AND FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased,

:
:
:
:
:
:

C.A. NO.: 1:16-cv-2145-CCC

Plaintiffs,

vs.

:
:
:
:

THE MILTON HERSHEY SCHOOL, et al.

:
:
:

Defendants.

:
:
:
:

## <u>ORDER</u>

AND NOW, this _____day of _____, 2017, upon consideration of Defendants' Motion to Compel Compliance with Deposition Subpoena and for Sanctions, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.  It is **FURTHER ORDERED** that:

1.     Protect the Hershey's Children, Inc. is **ORDERED** to produce F. Frederic Fouad as the organization's corporate designee, to be deposed on the topics previously delineated in the Notice of Deposition on a mutually agreed upon date at a place within the Middle District that is within 100 miles of F. Frederic Fouad's residence pursuant to Rule 45.

2.     Protect the Hershey's Children, Inc., F. Frederic Fouad, Royer Cooper Cohen Braundfeld, LLC, and Alexander J. Nassar, Esq. are **ORDERED** to pay the

costs and fees associated with this filing, as well as the costs and fees associated with the July 13, 2017 deposition of Protect the Hershey's Children, Inc.'s inadequate Rule 30(b)(6) witness.

_____

Conner, C.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN BARTELS AND FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased, | : : : : : | |
| Plaintiffs, | : : | C.A. NO.: 1:16-cv-2145-CCC |
| vs. | : : : | |
| THE MILTON HERSHEY SCHOOL, et al. | : : : | |
| Defendants. | : : : : | |

## DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH 30(B)(6) DEPOSITION SUBPOENA AND FOR SANCTIONS AGAINST PROTECT THE HERSHEY'S CHILDREN, INC., F. FREDERIC FOUAD, ROYER COOPER COHEN BRAUNDFELD, LLC, AND ALEXANDER J. NASSAR, ESQ.

Defendants, The Milton Hershey School, and The Hershey Trust Company ("Trust"), as Trustee of the Milton Hershey School Trust (collectively "Defendants") move under Federal Rule of Civil Procedure 37 to compel compliance with a deposition subpoena issued to non-party entity, Protect the Hersheys' Children, Inc. ("PHC") pursuant to Rule 30(b)(6) and for sanctions against Protect the Hershey's Children, Inc., F. Frederic Fouad, Royer Cooper Cohen Braundfeld, LLC, and Alexander J. Nassar, Esq. For the reasons set forth in the accompanying Memorandum of Law, which is incorporated herein by reference, Defendants respectfully request that the Court grant this Motion and

require non-party PHC to produce an adequate corporate representative, namely F. Frederic ("Ric") Fouad ("Fouad") to be deposed on the topics previously delineated in the Notice of Deposition on a mutually agreed upon date at a place within the Middle District that is within 100 miles of F. Frederic Fouad's residence pursuant to Rule 45.  Defendants further request that this Court sanction Protect the Hershey's Children, Inc., F. Frederic Fouad, Royer Cooper Cohen Braundfeld, LLC, and Alexander J. Nassar, Esq for their willful noncompliance with the deposition subpoena and order them to pay Defendants' costs and fees associated with this filing, as well as Defendants' costs and fees associated with the July 13, 2017 deposition of Protect the Hershey's Children, Inc.'s inadequate Rule 30(b)(6) witness.

Dated: August 1, 2017                    Respectfully submitted,

ELLIOTT GREENLEAF, P.C.

By: /s/ *Jarad W. Handelman*
Jarad W. Handelman
Kyle M. Elliott
17 N. Second Street, Suite 1420
Harrisburg, PA 17101
717.307.2600 (phone)  /  717.307.2060 (fax)
215.977.1000 (phone)  /  215.977.1099 (fax)
jwh@elliottgreenleaf.com
kme@elliottgreenleaf.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN BARTELS AND FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased,<br><br>                                Plaintiffs,<br><br>vs.<br><br>THE MILTON HERSHEY SCHOOL, et al.<br><br>                                Defendants. | C.A. NO.: 1:16-cv-2145-CCC |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO COMPEL COMPLIANCE WITH 30(B)(6) DEPOSITION
SUBPOENA AND FOR SANCTIONS**

Defendants, The Milton Hershey School, and The Hershey Trust Company ("Trust"), as Trustee of the Milton Hershey School Trust (collectively "Defendants") move under Federal Rule of Civil Procedure 37 to compel compliance with a deposition subpoena issued to non-party entity, Protect the Hersheys' Children, Inc. pursuant to Rule 30(b)(6), and for sanctions against Protect the Hershey's Children, Inc., F. Frederic Fouad, Royer Cooper Cohen Braundfeld, LLC, and Alexander J. Nassar, Esq.

**I.     INTRODUCTION**

For the past twenty (20) years, F. Frederic Fouad ("Fouad") has implemented a written strategy of initiating "**serial lawsuits**" intended to coerce MHS to change its mission and policies, including making him a Board member.

(*See* Ex. "1", at 7.) (emphasis added)  He implements his attacks upon Defendants, its leadership, and various public officials through a sham 501(c)(3) non-profit known as Protect the Hershey's Children, Inc. ("PHC") that he created and alone controls.  PHC's registered office is at the Dilworth Paxson LLP ("Dilworth") law firm in Philadelphia, not coincidentally the same law firm who represents the plaintiffs in this action, and a related action, *Dobson v. Milton Hershey School, et al.*, No. 1:16-cv-1958-CCC (M.D. Pa.) (the "*Dobson*" case).

Beyond Fouad himself and some names he lists as officers, PHC consists of a letterhead, which Fouad routinely uses through the PHC's website to issue "press releases" and circulate petitions and like marketing materials, attacking the Defendants and demanding investigations by every manner of authority, and a website and social media accounts (www.protecthersheychildren.org), all of which Fouad uses to disseminate anti-MHS propaganda and promote his own theories as to what is wrong with MHS and its leadership.  The PHC propaganda machine is the hook – seeking to lure disgruntled students and their families to contact Fouad – encouraging grievances and recruiting complainants against the School.  Each contact Fouad cultivates through PHC is a potential litigant in his "serial lawsuits" plan.  However, Fouad does not, and never intends to, serve as counsel for any of the individuals he solicits or attracts through the PHC website.  Instead, Fouad siphons information from them and funnels them to Dilworth and others.

The hallmark of PHC manufactured lawsuits, like the *Wartluft* and *Dobson* cases, are scandalous and inflammatory allegations - that are typically as dubious as they are absurd[1] - to generate media coverage for his policy change agenda designed to force MHS to change its mission and policies, including making Fouad a member of the MHS Board.  Fouad has unsuccessfully pursued this plan for the better part of two decades.[2]  Fouad, through PHC, has hypothesized the legal theories of the cases before they ever materialize.

---

[1] Fouad's practice of sponsoring prolix pleadings to gratuitously defame the School and its leadership has not escaped the notice of the judiciary.  In a description of Fouad's unmistakable style that reflects the essence of the many pleadings he has theorized, Judge Morgan of the Court of Common Pleas of Dauphin County observed:

> The Petition filed by the [MHSAA] has 68 pages and contains 253 paragraphs.  It is less of a pleading than a diatribe deploring the manner in which the former Trustees/Managers, exercising their discretion, have handled Trust real estate and MHS management. It impugns the integrity of the Attorney General and insultingly disparages the new Board.

*In re Milton Hershey School*, No. 712, Year of 1963, (Dauphin County Court of Common Pleas, Orphans' Court Division, Nov. 19, 2003);  *see also Escudero-Aviles v. Milton Hersey School*, Civil N. 1:11-CV-1858, 2011 U.S. Dist. LEXIS 151859, at *3 (M.D. Pa. Dec. 5, 2011) ("This amended complaint is a 45-page, 285-paragraph pleading, which is accompanied by 78 pages of exhibits. While a longer document than the initial complaint, the amended complaint is in some ways less factually detailed than the original complaint.").

[2]  For example, when questioned in her deposition in the *Wartluft* matter concerning the averments of her 84 page, 253 paragraph Amended Complaint, Plaintiff Julie Wartluft repeatedly referred Defendants' counsel to the PHC website

Indeed, the creation of a local and national "media blitz" is an admitted component of Fouad's strategy.  (*See* Ex. "1" at pg. 8.)  Fouad's preferred media vehicle is Bob Fernandez ("Fernandez") of the Philadelphia Inquirer.

Fouad has referred to Fernandez and his Hershey-related "series" as a "game changer" in his crusade against the School and to advance his radical policy agenda.  (*See* F. Frederic Fouad, Making Bitter Chocolate Sweet: The Milton Hershey School's Past and Hoped for Future, Speech at Harvard Law School, at 1:05:40-50 (Oct. 29, 2013), *available at* [http://cap.law.harvard.edu/making-bitter-chocolate-sweet-the-milton-hershey-schools-past-and-hoped-for-future-oct-29-2013/](http://cap.law.harvard.edu/making-bitter-chocolate-sweet-the-milton-hershey-schools-past-and-hoped-for-future-oct-29-2013/).)  In turn, Fernandez, in his own attack against Defendants, authored a book entitled "The Chocolate Trust: Deception, Indenture and Secrets at the $12 Billion Milton Hershey School," in which he acknowledges that the book would not have been possible without the "alumni rebellion" fostered by Fouad and others against the Defendants.  (*See* Bob Fernandez, The Chocolate Trust, at "Acknowledgments" (Camino Books, Inc. 2015.))  Unsurprisingly, the PHC website prominently features on its homepage a link to Fernandez's articles attacking MHS and publicizing the lawsuits that Fouad and PHC promote.

---

for the identity of potential witnesses who could support the allegations, but she could not name, as well as for a greater understanding of material legal and factual theories espoused in the Amended Complaint, the same source from which she learned of them.

The Fouad to Fernandez pipeline is very much active. In the *Wartluft* action, a witness testified that Fouad connected the witness – then a minor – with Fernandez. Fouad told the witness that Fernandez was "a reporter that [he] works with" and who helps him "get the mission across against Milton Hershey." (Ex. "2", N. Hatfield Dep. Tr., at 74:8-14.) Emails produced in the *Wartluft* action by the said witness further confirm Fernandez's solicitation of MHS-related information from the individual following the introduction by Fouad. (*See* Ex. "3".) In response to this testimony, MHS took action and banned Fouad from campus. (*See* Ex. "4".)

## II.   FACTUAL BACKGROUND

### A.   PHC Fails to Produce an Adequate Corporate Designee.

Defendants served PHC with a subpoena and notice of deposition on June 20, 2017 to appear for a Rule 30(b)(6) deposition of a corporate designee scheduled for July 13, 2017. (*See* Ex. "5".) On or about July 10, 2017, Fouad (acting as attorney for PHC) filed an *ex parte* motion to quash the PHC subpoena in the United States District Court for the Southern District of New York, despite the place of compliance of the subpoena being the Eastern District of Pennsylvania and the issuing Court being the Middle District of Pennsylvania. On July 11, 2017 the Southern District of New York dismissed that motion for lack of jurisdiction. After the Court's dismissal, Fouad and the PHC chose not to challenge the 30(b)(6) subpoena in the Middle or Eastern Districts of Pennsylvania.

Accordingly, the deposition of Michael Kronenberg, a corporate designee of PHC, took place on July 13, 2017.  Mr. Kronenberg's testimony confirmed that Fouad chose him as the PHC corporate representative on July 9, 2017 – the day **before** the filing of Fouad's Motion to Quash the deposition in the Southern District of New York, including a Supplemental Declaration dated July 10, 2017. (*See* Ex. "6", M. Kronenberg Dep. Tr., at 28:2-29:7, 38:2-3.)   Fouad never disclosed the designation of Mr. Kronenberg in his Motion, instead intentionally misleading the Southern District of New York that he was the deponent for PHC. Mr. Kronenberg's testimony belies Fouad's assertion that his testimony on behalf of PHC would violate attorney-client privilege.  Indeed, Mr. Kronenberg explicitly testified that "if [Fouad] is posting on the [PHC] website or posting…with [PHC], that it's for [PHC], not his capacity as an attorney."   (*Id*. at 26: 21-24.) Nonetheless, Fouad's prolific public disclosures and publications through PHC would surely constitute a waiver of any alleged attorney-client privilege.[3]

On July 11, 2017, Judge Sullivan properly dismissed Fouad's Motion to Quash the Rule 30(b)(6) Deposition Subpoena for lack of jurisdiction.  In response, Fouad decided ***not*** to file a Motion to Quash the 30(b)(6) deposition in

---

[3] Fouad posts virtually everything he knows about the *Wartluft* and *Dobson* cases on and through the PHC website, information that is publicly accessible by anyone accessing the PHC website or social media platforms – all without any password protection or other accessibility permission required. (*See* Ex. "6", M. Kronenberg Dep. Tr., at 241-45.)  As Mr. Kronenberg testified, "it's entirely open. You could look at anything that's written there for years and years." (*Id*. at 245:3-5.)

Pennsylvania and litigate the privilege issues he had improperly raised in the SDNY Motion, but instead opted to produce an inadequate 30(b)(6) designee, Mr. Kronenberg.

For his part, Mr. Kronenberg is a self-described Fouad-PHC "supporter," having no qualifications for the position of Treasurer other than having posted on the PHC website for several years and believing Fouad's PHC propaganda.  He testified that he became PHC's Treasurer in 2016, but is still transitioning into the position, working with the former Treasurer, Ken Brady, who is in his late 90s, and lives in Maryland.  (*Id.* at 72:16-78:16, 21:11-13.)   Mr. Kronenberg is a high school and college drop-out, who attended MHS for one year.  (*Id*. at 12:17-24.) He has not filed personal federal or state tax returns in several years.  (*Id*. at 173:16-17.)  He testified that the PHC is a "loose organization" with no members, just supporters like Mr. Kronenberg himself.  (*Id*. at 63:22-64:4.)

Mr. Kronenberg's testimony confirmed that Fouad created and controls PHC.  Mr. Kronenberg knew little to nothing about PHC and the information broadcast on its website about this case.  He did not know who the Secretary is, and has never seen minutes of any PHC meeting, all of which are conducted by telephone conference calls randomly scheduled by Fouad.  (*Id*. at 79:5-11, 82:7-24.)   Kronenberg repeatedly testified that Fouad controls the PHC website (*id*. 96:1-12, 146:7-16): "Fouad is the <u>only</u> person who has access to be able to post or

7

who removes posts from our Facebook page"; "Mr. Fouad is able to post for [PHC].   He is the <u>only</u> one individual who can do that."   (*Id*. at 184:12-16.) (emphasis added)   In addition, all calls to the PHC website's area code "717" Central Pennsylvania phone number are routed to Fouad in New York.   No one other than Fouad answers that phone number.   (*Id*. at 61:13-62:9.)   Tellingly, Mr. Kronenberg also testified: "Fouad talks to the media a lot on behalf of PHC." (*Id*. at 235:2-4.)

The   30(b)(6)   deposition   demonstrated   Fouad's   ongoing   discovery obstruction and misrepresentations to the federal courts, in violation of Rule 3.3 of the Pennsylvania Rules of Professional Conduct, as Mr. Kronenberg consistently testified that he had no knowledge whatsoever of any of PHC's publications and/or public statements – information that could only be gleaned, according to Mr. Kronenberg, from Fouad himself.   (*See id.* at 138:9-139:15, 141:7-23, 142:8-17, 143:10-144:5, 146:17-147:6, 148:7-12, 154:3-18, 157:4-11, 162:11-18, 179:17-180:10, 182:7-184:6, 191:9-13, 192:9-18, 193:3-21, 201:2-5, 202:3-23, 213:8-214:9, 256:3-8, 278:18-22.)   Mr. Kronenberg repeatedly responded to questions concerning the content of the PHC website and social media platforms, including linked PHC publications and writings, with "**you would have to ask Ric.**"   (*Id*. at 141:21-23, 147:3-6, 148:7-12, 154:17-18, 157:8-11, 162:16-18, 180:3-10, 184:4-6, 191:11-13, 192:13-18, 193:10-21, 201:4-5, 202:22-23, 214:5-9.) (emphasis added)

8

Mr. Kronenberg repeatedly identified Fouad as the author of PHC writings and publications in which the *Wartluft* and *Dobson* cases were described and discussed, including, but not limited to endless PHC website and social media posts, the content of the Change.org petition, the PHC White Paper, PHC Essay, and letters to various authorities.   (*Id.*; *see also id.* at 138:9-139:21, 141:21-23, 229:18-233:16.)   Tellingly, ***Mr. Kronenberg testified that he had never reviewed the list of properly noticed deposition topics prior to the deposition***.   (*Id.* at 15:3-22.)

Mr. Kronenberg's lack of preparation resulted in him responding "I don't know" to more than twenty-five (25) questions.   (*Id.* at 62:8-9, 62:23, 64:11, 79:3, 79:7, 81:15, 84:19-22, 114:24-115:3, 156:15, 193:13-17, 204:8, 207:4, 214:5-9, 215:4-5, 215:11, 215:18, 219:23-220:2, 222:16, 222:19, 222:22, 223:1, 223:4, 223:7, 255:5-6, 264:18, 281:2, 285:17.)   It appears that the only thing Mr. Kronenberg did know was that Defendants "**would have to ask Ric**" in order to discover any information concerning PHC.   (*Id.* at 141:21-23, 147:3-6, 148:7-12, 154:17-18, 157:8-11, 162:16-18, 180:3-10, 184:4-6, 191:11-13, 192:13-18, 193:10-21, 201:4-5, 202:22-23, 214:5-9.) (emphasis added).

## B. Fouad's "Advocacy" Efforts Are Performed in His Role as President of PHC, Not as an Attorney.

Fouad serves as President and founder of PHC, a nonprofit organization with a registered address at Dilworth's Philadelphia office.   According to its website, PHC's reform goals include: "ending MHS Board conflicts of interest; barring

9

leadership self-enrichment; stopping misdirection of assets; removing partisan politics from all decisions; ending poor child welfare policies; hiring and promotion of MHS leaders on the basis of merit; and creating an MHS Board whose core consists of child welfare professionals." (*See* Ex. "7".)

Fouad has not acted as an attorney, and has not entered his appearance in any of his contrived litigations.  To the contrary, Fouad has made prolific **public** statements concerning this case, which are available through the PHC website, and have been disseminated broadly – and without objection by Plaintiffs – by Fouad in his capacity as President of PHC through PHC social media and other numerous publications.   PHC's 30(b)(6) corporate designee, Mr. Kronenberg, further confirmed that only one person within PHC had knowledge of those matters: Ric Fouad.  (*See* Ex. "6", M. Kronenberg Dep. Tr., at 138:9-139:21, 141:21-23, 147:3-6, 148:7-12, 154:17-18, 157:8-11, 162:16-18, 180:3-10, 184:4-6, 191:11-13, 192:13-18, 193:10-21, 201:4-5, 202:22-23, 214:5-9, 229:18-233:16.)  Importantly, when Fouad posts on the PHC website and Facebook page, "**it's for PHC, not his capacity as an attorney**." (*See id.* at 26:23-24.) (emphasis added)

If Fouad truly was the attorney for Plaintiffs, his use of the PHC website, as well as Fouad's use of the media to advance his causes, would be flagrant violations of Rule 3.6 of the Pennsylvania Rules of Professional Conduct.

### C.   Fouad and/or PHC Is Directly Responsible For The Allegations In the Amended Complaint

Both *Dobson* and *Wartluft* stem from a long-standing and mutually beneficial alliance formed between Fouad and Dilworth.  Dilworth represents the plaintiffs in both the *Dobson* and *Wartluft* cases filed against Defendants.  As is the custom, Dilworth is counsel, but Fouad is not.  (*See* Ex. "8" and "9".)  Their relationship is mutually beneficial.  Dilworth gets clients, while Fouad advances his agenda by notifying authorities of the law suits, and publicizing them through his PHC website, social media postings, and partnership with the media.

The crux of Plaintiffs' claims in in the instant action allege that MHS engaged in a systematic pattern of discrimination by implementing a "shadow policy" whereby MHS would expel students who were hospitalized at an outside mental health institution on more than one occasion.  The Plaintiffs refer to this purported "shadow policy" as the "two-hospitalization rule."  (*See* Ex. "10" at ¶¶ 108, 111, 112, 168.)

A comparison of the *Dobson* and *Wartluft* Amended Complaints with prior publications by PHC and Fouad leaves no doubt that Fouad and PHC supplied the essential allegations and legal theories to Plaintiffs in both cases.  (*See* Ex. "11") In fact, in the *Wartluft* case, Plaintiff Julie Wartluft confirmed that these allegations and legal theories derived from PHC and Fouad.  (*See* Ex. "12," J. Wartluft Dep. Tr., at 42:23-43:15, 44:12-45:3, 45:18-46:7, 158:10-159:19, 164:24-

166:13; *see also* Ex. "13".)  Thus, the essential factual allegations, which form the heart of Plaintiff's claims, are not verifiable by anyone other than Fouad.  To the extent any portion of them was derived from conversations between Fouad and any plaintiff, it was not in Fouad's capacity as a lawyer, but rather in his role of PHC zealot and MHS antagonist.  To the extent Fouad claims privilege over any such communications, any confidence or privilege alleged to have attached has long been waived by Fouad's prolific publication of same

## III.   ARGUMENT

### A.   Legal Principles

Rule 16(c) affords the supervisory court in the Middle District of Pennsylvania with broad authority to "take appropriate action" with respect to "the formulation and simplification of the issues," "the control and scheduling of discovery," "the need for adopting special procedures for managing potentially difficult or protracted actions," and "such other matters as may facilitate the just, speedy, and inexpensive disposition of the action."   Fed.R.Civ.P. 16(c)(1), (6), (12), (16).  The issues raised in this motion concerning PHC and Fouad and, in particular, Fouad's assertion of privilege in objecting to his deposition raises issues that are likely to recur in this litigation and which are properly and efficiently decided by the trial court in the Middle District of Pennsylvania.  Indeed, in Fouad's pending Motion to Quash in the Southern District of New York,

Defendants have requested that the Court transfer all proceedings concerning that motion to this Court so that this Court can efficiently rule on these issues.

### B.   Mr. Kronenberg's Testimony Establishes that Fouad Is the Only Possible Designee Who Can Adequately Testify on Behalf of PHC.

Once a party notices a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), the noticed entity has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Black Horse Lane Assocs., Ltd. P'ship v. Dow Chem. Corp*., 228 F.3d 275, 303 (3d Cir. 2000) (quoting *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999)).  This is because if an entity does not adequately prepare a Rule 30(b)(6) witness, "the purpose of the deposition is completely undermined," *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc*., 250 F.R.D. 203, 216 (E.D. Pa. 2008), and it is "tantamount to a failure to appear," *Black Horse Lane*, 228 F.3d at 303.  *See also Constellation NewEnergy, Inc. v. Powerweb, Inc.*, No. 02-2733, 2004 U.S. Dist. LEXIS 15865, at *6-18 (E.D. Pa. Aug. 10, 2004) (finding designee "failed to appear in a meaningful way" for 30(b)(6) deposition*); Guy Chem. Co. v. Romaco N.V*., No. 3:06-96, 2007 U.S. Dist. LEXIS 4287, at *33 (W.D. Pa. Jan. 22, 2007) (holding that a 30(b)(6) deponent's "complete inability to 'fully, completely, [and] unevasively' respond" to a "handful" of questions that

13

were properly noticed, "constitutes a violation of the discovery principles articulated in the federal rules.")

Accordingly, the "[i]nadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings." *Black Horse Lane*, 228 F.3d at 303; *see also In re Neurontin Anitrust Litig.*, No. 02-1390, 2011 U.S. Dist. LEXIS 62032, at *28-30 (adopting report and recommendation of sanctions for producing unprepared corporate designee).

Here, as explained *supra* in Parts II.A–C, PHC disregarded its obligations under Rule 30(b)(6) and produced an inadequate, "sham" corporate designee. Indeed, the only reasonable conclusion that can be drawn from a reading of Mr. Kronenberg's deposition transcript is that PHC wholly failed to make a "good-faith effort to designate [a] knowledgeable person[]." *Black Horse Lane*, 228 F.3d at 303. Most telling is Mr. Kronenberg's admission that he had not even reviewed the properly noticed Rule 30(b)(6) deposition topics before appearing at the deposition on July 13, 2017. (Ex. "6", Mr. Kronenberg Dep. Tr., at 15:3-22.)

Mr. Kronenberg lack of preparation resulted in Mr. Kronenberg responding "I don't know" throughout the deposition. (*Id*. at 62:8-9, 62:23, 64:11, 79:3, 79:7, 81:15, 84:19-22, 114:24-115:3, 156:15, 193:13-17, 204:8, 207:4, 214:5-9, 215:4-5, 215:11, 215:18, 219:23-220:2, 222:16, 222:19, 222:22, 223:1, 223:4, 223:7, 255:5-

14

6, 264:18, 281:2, 285:17.)   In fact, the only thing that Mr. Kronenberg did know was that Defendants would need to "ask Ric" in order to find out this information. (*Id.* at 141:21-23, 147:3-6, 148:7-12, 154:17-18, 157:8-11, 162:16-18, 180:3-10, 184:4-6, 191:11-13, 192:13-18, 193:10-21, 201:4-5, 202:22-23, 214:5-9.)

Simply put, although Mr. Kronenberg appeared in person, his lack of knowledge and preparation "completely undermined" the purpose of the deposition and was "tantamount to a failure to appear." *See State Farm Mut. Auto Ins. Co.*, 250 F.R.D. at 216; *Black Horse Lane*, 228 F.3d at 303.   Accordingly, this Court should grant Defendants' motion.

## IV.   RELIEF

For all the foregoing reasons, Defendants respectfully request that this Court grant Defendants Motion to Compel and/or for Sanctions, compel PHC to designate F. Frederic Fouad to appear as PHC's 30(b)(6) corporate designee and testify on the topics previously delineated in the Notice of Deposition, and sanction Protect the Hershey's Children, Inc., F. Frederic Fouad, Royer Cooper Cohen Braundfeld, LLC, and Alexander J. Nassar, Esq, ordering them to pay the costs and fees associated with this filing,, as well as Defendants' costs and fees associated with the July 13, 2017 deposition of Protect the Hershey's Children, Inc.'s inadequate Rule 30(b)(6) witness.

Respectfully submitted,

ELLIOTT GREENLEAF, P.C.

By: /s/ *Jarad W. Handelman*
Jarad W. Handelman
Kyle M. Elliott
17 N. Second Street, Suite 1420
Harrisburg, PA 17101
717.307.2600 (phone)  /  717.307.2060 (fax)
215.977.1000 (phone)  /  215.977.1099 (fax)
jwh@elliottgreenleaf.com
kme@elliottgreenleaf.com

Dated: August 1, 2017

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

Undersigned counsel certifies that opposing counsel indicated at the time of the deposition underlying this matter that counsel would be required to file a motion to compel to address the issues raised herein.   Since the time of the deposition there has been no indication that counsel's position has changed and the subject entity has confirmed in other court filings that the concomitant deponent identified herein will not testify.   Accordingly, opposing counsel and the subject entity do not concur with the instant motion.

Respectfully submitted,


 */s/ Jarad W. Handelman, Esquire*
Jarad W. Handelman, Esquire
(PA 82629)
Kyle M. Elliott, Esquire
(PA 306836)
Elliott Greenleaf, P.C.
17 N. Second Street, Suite 1420
Harrisburg, PA 17101
717.307.2600 (phone)
717.307.2060 (fax)
jwh@elliottgreenleaf.com
kme@elliottgreenleaf.com
*Counsel for Defendants*

Dated:  August 1, 2017

## **CERTIFICATE OF SERVICE**

I, Jarad M. Handelman, Esquire, hereby certify that I caused the foregoing to be served via U.S. first class mail and electronic mail on all counsel of record, including:

Alexander J. Nassar, Esq.
Two Logan Square
100 N. 18th Street - Suite 710
Philadelphia, Pennsylvania 19103
(267) 546-0274
anassar@rccblaw.com
*Counsel for Michael Kronenberg*

Gregory F. Cirillo, Esquire
John J. Higson, Esquire
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
215.575.7000 (phone)
gcirillo@dilworthlaw.com
jhigson@dilworthlaw.com
*Counsel for Plaintiffs*

F. Frederick Fouad
301 West 57th Street
Apt. 44B
New York, NY 10019
ricfouad@gmail.com

*/s Jarad M. Handelman*
Jarad M. Handelman, Esquire

Dated: August 1, 2017