IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JULIE ELLEN WARTLUFT F/N/A : 
JULIA ELLEN BARTELS and :
FREDERICK L. BARTELS, JR., : No. 1:16-cv-2145-CCC
Individually and as Administrators : (Connor, C.J.)
of the Estate of Abrielle Kira Bartels, : (Carlson, M.J.)
Deceased, :
              Plaintiffs, :
    v. :
THE MILTON S. HERSHEY SCHOOL, :
et al. :
             Defendants. :

FILED
HARRISBURG
SEP 13 2017
PER _____
DEPUTY CLERK

## QUALIFIED PROTECTIVE ORDER

AND NOW, this 13th day of September, 2017, pursuant to the joint motion filed by the parties, the Court hereby enters this Qualified Protective Order regarding discovery sought by the parties from the Pennsylvania Psychiatric Institute ("PPI"):

1. Regarding the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued by Defendants, PPI shall, within fourteen (14) days of service of this Qualified Protective Order, provide Defendants' counsel with the following records regarding Abrielle Kira Bartels, Deceased: (1) a complete copy of the medical record, (2) a copy of the medical bill, (3) a copy of the release of information file, and (4) a copy of the accounting of disclosures (hereinafter collectively referred to as "Medical Records"), except for such documents in which a claim of attorney-client privilege is asserted by

1

PPI, subject to the following:

a. Defendants' counsel shall maintain the confidentiality of the Medical Records by not disclosing any portion of the contents of the records to anyone other than the Court under seal, Plaintiffs' counsel, and Defendants' expert witnesses. Plaintiffs' counsel shall maintain confidentiality of the Medical Records by not disclosing any portion of the contents of the records to anyone other than the Court under seal and Plaintiffs' expert witnesses. Neither Defendants' counsel nor Plaintiffs' counsel shall release any portion of the records to any other third parties and counsel shall instruct their expert witnesses not to do so under penalty of being held in contempt of court.

b. At the conclusion of this litigation, Defendants' counsel and Plaintiffs' counsel shall destroy PPI's Medical Records, including records provided to their experts, and certify, in writing, to PPI's counsel that they have done so.

c. Under no circumstances shall counsel for the parties or their experts use the information contained in PPI's Medical Records for purposes other than this lawsuit and counsel shall instruct their expert witnesses not to do so under penalty of being held in contempt of court.

2. Regarding the Subpoena to Testify at a Deposition in a Civil Action which Plaintiffs' counsel issued to a PPI physician, the following protective order shall apply to the deposition and to any other subpoena issued to a PPI physician or employee to testify at a deposition:

2

a. Only counsel for the parties, a court reporter, the witness, and counsel for PPI shall be permitted to attend the deposition.

b. The transcript of testimony and any audio-video recordings of PPI witnesses shall be marked "Confidential" and shall not be disclosed to anyone other than the Court under seal and the parties' expert witnesses. Neither Defendants' counsel nor Plaintiffs' counsel shall release the transcripts or any portion of the transcripts, or audio-video recordings or any portion of any audio-video recordings to any other third parties and counsel shall instruct their expert witnesses and court reporters not to do so under penalty of being held in contempt of court.

c. At the conclusion of this litigation, Defendants' counsel and Plaintiffs' counsel shall destroy the transcripts and audio-video recordings, including the transcripts and audio-video recordings provided to their experts, and certify, in writing, to PPI's counsel that they have done so.

d. Under no circumstances shall counsel for the parties or their experts use the information contained in the transcripts or audio-video recordings or the testimony acquired from PPI's witnesses for purposes other than this lawsuit and counsel shall instruct their expert witnesses and court reporters not to do so under penalty of being held in contempt of court.

3. The purpose of this Order is to insure compliance with the privacy provisions of the Pennsylvania Mental Health Procedures Act, 50 P.S. §7111, and the Privacy Rule issued pursuant to the federal Health Insurance Portability and Accountability Act at 45 C.F.R. §164.512(e). In the latter case, this Order

constitutes a Qualified Protective Order within the meaning of 45 C.F.R. §164.512(e).

*Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge