**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN BARTELS AND FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased, <br> <br> Plaintiffs, <br> vs. <br> <br> THE MILTON HERSHEY SCHOOL, <br> <br> and <br> <br> THE HERSHEY TRUST COMPANY, AS TRUSTEE OF THE MILTON HERSHEY SCHOOL TRUST, <br> <br> Defendants. | C.A. NO.: <br> 1:16-cv-02145-CCC <br> <br> (CONNER, C.J.) |

## ORDER

Now, this _____ day of _____, 2017, upon consideration of the Joint Motion to extend the deadlines set forth in the Court's August 17, 2017, Case Management Order (Dkt. 67), jointly filed by Plaintiffs, Julie Ellen Wartluft f/n/a Julie Ellen Bartels, and Frederick L. Bartels, Jr., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased (together, "Plaintiffs"), and Defendants The Milton Hershey School, and The Hershey Trust Company, as Trustee of the Milton Hershey School Trust, it is hereby ORDERED that the Joint Motion is GRANTED as follows:

1.     The Court's August 17, 2017, Case Management Order (Dkt. 67), is

vacated; and

2.     The Court shall issue a new Case Management Order extending all

deadlines by forty-five days.

 

_____
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN BARTELS AND FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>THE MILTON HERSHEY SCHOOL,<br><br>and<br><br>THE HERSHEY TRUST COMPANY, AS TRUSTEE OF THE MILTON HERSHEY SCHOOL TRUST,<br><br>Defendants. | C.A. NO.:<br>1:16-cv-02145-CCC<br><br>(CONNER, C.J.) |

**JOINT MOTION TO EXTEND THE COURT'S
CASE MANAGEMENT ORDER**

Defendants The Milton Hershey School, and The Hershey Trust Company, as trustee of The Milton Hershey School Trust (collectively, "Defendants"), and Plaintiffs, Julie Ellen Wartluft f/n/a Julie Ellen Bartels, and Frederick L. Bartels, Jr., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased ("AB") (together, "Plaintiffs"), jointly move to extend the deadlines set forth in this Court's August 17, 2017, Case Management Order (Dkt. 67), pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4).

I.   **BACKGROUND**

Following the filing of the Complaint in this action, on or about September 27, 2016, this case was transferred from the United States District Court for the Eastern District of Pennsylvania to this judicial district.  (Dkts. 18-19.)  On October 28, 2016, Plaintiffs filed an Amended Complaint against Defendants bringing claims based on: the Fair Housing Act, 42 U.S.C. § 3602, *et seq.* ("FHA") (Count I); negligence (Count III); wrongful death (Count V); survival act (Count VI); negligent misrepresentation (Count VII); intentional misrepresentation (Count VIII); intentional infliction of emotional distress (Count IX); negligent infliction of emotional distress (Count X); civil conspiracy (Count XI); breach of fiduciary duty (Count XII); and negligence *per se* (Count XIII).[1]  (Dkt. 29.)  On November 14, 2016, Defendants moved to dismiss some counts of the Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkts. 31-32.)  On August 10, 2017, the Court granted Defendants' partial motion to dismiss.  (Dkts. 63-64.)

The parties have diligently conducted written and oral discovery in this action.  Defendants have produced approximately 2,200 pages of documents, and

---

[1] Counts II, and IV from the original Complaint were omitted from the Amended Complaint.  *See* (Dkt. 1.)

2

Plaintiffs have likewise produced approximately 600 pages of materials.

Supplemental written discovery is ongoing.

The parties have also conducted over sixteen oral or videotaped depositions.

Plaintiffs and Defendants, in good faith, continue to schedule additional

depositions, including various third-party mental health providers.

## II.   <u>ARGUMENT</u>

Pursuant to Rule 16(b)(4), a pretrial scheduling order "may be modified only

for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Rule

16(b)'s "good cause" standard "focuses on the moving party's burden to show due

diligence."  *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d

Cir. 2010).  Here, for the following reasons, the parties have demonstrated due

diligence, and the deadlines set forth in the Court's Case Management Order (Dkt.

67), should be extended by forty-five days.

First, Plaintiffs filed a complex action advancing multiple theories of

liability based upon, *inter alia*, the FHA, and negligence based actions.  According

to the Amended Complaint, Defendants discriminated against AB based upon a

purported mental health disability.  In order to adequately investigate Plaintiffs'

claims and Defendants' defenses, the parties intend to conduct additional

depositions as outlined in their Joint Case Management Plan and Initial

Disclosures.  (Dkt. 35.)  The parties intend to depose additional third-parties, such

as medical and mental health professionals, records custodians, as well as other third-party fact witnesses.  The parties are amicably working to schedule these important discovery depositions.

Second, in light of the causes of action asserted by Plaintiffs and the allegations of mental health disabilities, Plaintiffs and Defendants have subpoenaed third-party medical providers who have provided medical and mental health treatment to AB.  Some of those providers, however, have failed to comply with the subpoenas and have not produced documents.  Typically, third-party medical providers refuse to comply with subpoenas for these types of records without a Court order (based on the Health Insurance Portability and Accountability Act of 1996, and similar state laws, like the Pennsylvania Mental Health Procedures Act), and Defendants will need to request the Court's intervention to promptly secure these highly relevant documents.  The parties are actively meeting and conferring with third-party mental health providers in order to obtain these highly relevant and discoverable medical materials.

Third, undersigned counsel are the same counsel in *Dobson v. Milton Hershey School, et al.*, 1:16-CV-1958-CCC (M.D. Pa.), which is also assigned to this Court.  The *Dobson* matter involves complex theories of liability and causes of action.  The parties are coordinating discovery in that complex litigation as well.

4

Fourth, the parties are filing this Motion jointly, and the discovery deadline has not expired.  Thus, the parties respectfully request that all Case Management Order deadlines be extended for forty-five days.

## III.  **CONCLUSION**

For the foregoing reasons, and for good cause shown, the parties jointly request that the Court enter an Order extending all case management deadlines as outlined above.

Respectfully submitted,

/s Gregory F. Cirillo
Gregory F. Cirillo, Esquire
(PA 46878)
John J. Higson, Esquire
(PA 80720)
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
215.575.7000 (phone)
215.575.7200 (fax)
gcirillo@dilworthlaw.com
jhigson@dilworthlaw.com
*Counsel for Plaintiffs*

/s Jarad W. Handelman
Jarad W. Handelman, Esquire
(PA 82629)
Kyle M. Elliott, Esquire
(PA 306836)
Elliott Greenleaf, P.C.
17 N. Second Street, Suite 1420
Harrisburg, PA 17101
717.307.2600 (phone) / 717.307.2060 (fax)
215.977.1000 (phone) / 215.977.1099 (fax)
jwh@elliottgreenleaf.com
kme@elliottgreenleaf.com
*Counsel for Defendants*

Dated: October 10, 2017

## <u>CERTIFICATION OF CONCURRENCE</u>

Pursuant to Local Civil Rule 7.1, as this Motion is filed jointly, all counsel

concur with the Motion.

Respectfully submitted,


<u>/s Gregory F. Cirillo</u>

Gregory F. Cirillo, Esquire
(PA 46878)
John J. Higson, Esquire
(PA 80720)
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
215.575.7000 (phone)
215.575.7200 (fax)
gcirillo@dilworthlaw.com
jhigson@dilworthlaw.com
*Counsel for Plaintiffs*


<u>/s Jarad W. Handelman</u>

Jarad W. Handelman, Esquire
(PA 82629)
Kyle M. Elliott, Esquire
(PA 306836)
Elliott Greenleaf, P.C.
17 N. Second Street, Suite 1420
Harrisburg, PA 17101
717.307.2600 (phone) / 717.307.2060 (fax)
215.977.1000 (phone) / 215.977.1099 (fax)
jwh@elliottgreenleaf.com
kme@elliottgreenleaf.com
*Counsel for Defendants*


Dated: October 10, 2017

## <u>CERTIFICATE OF SERVICE</u>

I, Kyle M. Elliott, Esquire, hereby certify that I caused the foregoing Joint

Motion to Extend the Court's Case Management Order to be filed electronically

with the Court, where it is available for viewing and downloading from the Court's

ECF system, and that such electronic filing automatically generates a Notice of

Electronic Filing constituting service of the filed document upon all counsel of

record, including:

Gregory F. Cirillo, Esquire
John J. Higson, Esquire
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
215.575.7000 (phone)
gcirillo@dilworthlaw.com
jhigson@dilworthlaw.com
*Counsel for Plaintiffs*

/s Kyle M. Elliott
Kyle M. Elliott, Esquire

Dated: October 10, 2017