IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN BARTELS AND FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased,<br><br>　　　　　　　　　　　Plaintiffs,<br>　　vs.<br><br>THE MILTON HERSHEY SCHOOL,<br><br>and<br><br>THE HERSHEY TRUST COMPANY, AS TRUSTEE OF THE MILTON HERSHEY SCHOOL TRUST,<br><br>　　　　　　　　　　　Defendants. | C.A. NO.:<br>1:16-cv-02145-CCC<br><br>(CONNER, C.J.)<br><br>(CARLSON, M.J.) |

FILED
HARRISBURG
NOV 30 2017
PER_____
DEPUTY CLERK

## ORDER

Now, this _30th_ day of _November_, 2017, in light of the concurrence of the parties and the March 9, 2017, Subpoena to Produce Documents, Information, or Objects in a Civil Action directed to Philhaven, the Court hereby enters this Qualified Protective Order regarding discovery sought from Philhaven:

　　1.　Regarding the Subpoena to Produce Documents, Information, or Objects in a Civil Action, Philhaven shall, within fourteen days of service of this Qualified Protective Order, produce to Defendants' counsel the following records regarding Abrielle Kira Bartels, Deceased: (1) a complete copy of the medical

record; (2) a complete copy of the medical bill; (3) a complete copy of the release of information file; and (4) a complete copy of the accounting of disclosures (collectively, "Medical Records"), subject to the following:

(a) Defendants' counsel shall maintain the confidentiality of the Medical Records by not disclosing any portion of the records to anyone other than the Court under seal, Plaintiffs' counsel, and Defendants' expert witnesses. Plaintiffs' counsel shall maintain confidentiality of the Medical Records by not disclosing any portion of the contents of the records to anyone other than the Court under seal and Plaintiffs' expert witnesses. Neither Defendants' counsel nor Plaintiffs' counsel shall release any portion of the records to any other third parties and counsel shall instruct their expert witnesses not to do so under penalty of being held in contempt of Court.

(b) At the conclusion of this litigation, Defendants' counsel and Plaintiffs' counsel shall destroy Philhaven's Medical Records, including records provided to their experts.

(c) Under no circumstances shall counsel for the parties or their experts use the information contained in the Medical Records for purposes other than this lawsuit, and counsel shall instruct their expert witnesses not to do so under penalty of being held in contempt of Court.

2. Regarding any Subpoenas to Testify at a Deposition in a Civil Action, the following Qualified Protective Order shall apply to the deposition of any Philhaven physician or employee:

(a) Only counsel for the parties, a court reporter, videographer, the witness, a representative of Defendants, Plaintiffs, and counsel for Philhaven shall be permitted to attend the deposition.

(b) The transcript and any audio-video recordings of Philhaven witnesses shall be marked "Confidential" and shall not be disclosed to anyone other than the Court under seal and the parties' expert witnesses. Neither Defendants' counsel nor Plaintiffs' counsel shall release the transcripts or any portion of the transcripts, or audio-video recordings or any portion of any audio-video recordings to any other third parties and counsel shall instruct their expert witnesses and court reporters not to do so under penalty of being held in contempt of Court.

(c) At the conclusion of this litigation, Defendants' counsel and Plaintiffs' counsel shall destroy the transcripts and audio-video recordings, including the transcripts and audio-video recordings provided to their experts.

(d) Under no circumstances shall counsel for the parties or their experts use the information contained in the transcripts or audio-video recordings or the testimony acquired from Philhaven's witnesses for purposes other than this

lawsuit and counsel shall instruct their expert witnesses and court reporters not to do so under penalty of being held in contempt of Court.

3. The purpose of this Order is to insure compliance with the privacy provisions of the Pennsylvania Mental Health Procedures Act, 50 Pa. Cons. Stat. Ann. § 7111, and the Privacy Rule issued pursuant to the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512(e). In the latter case, this Order constitutes a Qualified Protective Order within the meaning of 45 C.F.R. § 164.512(e). [1]

*Martin C. Carlson*
~~Christopher C. Conner, Chief Ju~~dge
United States District Court
Middle District of Pennsylvania

---

[1] The foregoing order is entered without prejudice to the subpoenaed parties filing a counseled motion to quash or modify, provided such motion is filed within 7 days of today's date. Otherwise the subpoenaed parties should comply forthwith with this order.