IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN BARTELS AND FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased, <br><br>　　　　　　　　　　Plaintiffs,<br>　　vs.<br><br>THE MILTON HERSHEY SCHOOL,<br><br>and<br><br>THE HERSHEY TRUST COMPANY, AS TRUSTEE OF THE MILTON HERSHEY SCHOOL TRUST,<br><br>　　　　　　　　　　Defendants. | C.A. NO.:<br>1:16-cv-02145-CCC<br><br>(CONNER, C.J.)<br><br>(CARLSON, M.J.) |

FILED
HARRISBURG
NOV 30 2017
PER _____ DEPUTY CLERK

## ORDER

Now, this 30th day of November, 2017, in light of the concurrence of the parties and Defendants' October 12, 2017, Subpoena to Testify at a Deposition in a Civil Action and Demand for Production of Documents directed to Leslie Davis ("Ms. Davis"), and the Court's October 30, 2017 Order (Dkt. 98), the Court hereby enters this Qualified Protective Order regarding discovery sought from Ms. Davis and Pinnacle Health (collectively, "Pinnacle Health"):

　　1.　Regarding the Subpoena to Produce Documents, Information, or Objects in a Civil Action, Pinnacle Health shall, on December 4, 2017, produce to

Defendants' counsel at the deposition of Ms. Davis the following records, to the extent they exist, regarding:

(a) Plaintiff Julie Ellen Wartluft f/n/a Julie Ellen Bartels a/k/a Julie Ellen Nenninger ("Ms. Wartluft"): (1) a complete copy of the medical record for June 19, 2013, including, but not limited to, any joint counseling session with Abrielle Kira Bartels, Deceased ("AB"), Karen Fitzpatrick ("Ms. Fitzpatrick"), and/or any other member of Ms. Wartluft's family; (2) a complete copy of any medical record referring or relating to AB from 2010 to present; (3) a copy of any medical bill from 2010 to the present; (4) a complete copy of the release of information file from 2010 to 2014; and (5) a complete copy of the accounting for disclosures from 2010 to 2014;

(b) AB: (1) a complete copy of the medical record; (2) a complete copy of any medical bill; (3) a complete copy of the release of information file; (4) a complete copy of the accounting of disclosures; and (5) all scheduling documents or calendars from June 2013;

(c) Pinnacle Health: (1) records retention policies, practices, and/or procedures from 2013 to present; (2) the patient sign-in chart from June 19, 2013, with redactions of any patients' names other than Ms. Wartluft, AB, Ms. Fitzpatrick, and/or any other member of Ms. Wartluft's family; and (3) all patient scheduling documents or calendars from June 2013 with redactions of any patients'

names other than Ms. Wartluft, AB, Ms. Fitzpatrick, and/or any other member of Ms. Wartluft's family (all medical records collectively, "Medical Records");

(c) The production of any Medical Records are subject to the following:

(i) Defendants' counsel shall maintain the confidentiality of the Medical Records by not disclosing any portion of the records to anyone other than the Court under seal, Plaintiffs' counsel, and Defendants' expert witnesses. Plaintiffs' counsel shall maintain confidentiality of the Medical Records by not disclosing any portion of the contents of the records to anyone other than the Court under seal and Plaintiffs' expert witnesses. Neither Defendants' counsel nor Plaintiffs' counsel shall release any portion of the records to any other third parties and counsel shall instruct their expert witnesses not to do so under penalty of being held in contempt of Court;

(ii) At the conclusion of this litigation, Defendants' counsel and Plaintiffs' counsel shall destroy Pinnacle Health's Medical Records, including records provided to their experts; and

(iii) Under no circumstances shall counsel for the parties or their experts use the information contained in the Medical Records for purposes other than this lawsuit, and counsel shall instruct their expert witnesses not to do so under penalty of being held in contempt of Court.

2. Regarding any Subpoenas to Testify at a Deposition in a Civil Action, the following Qualified Protective Order shall apply to the deposition of any Pinnacle Health physician or employee:

(a) Only counsel for the parties, a court reporter, videographer, the witness, a representative of Defendants, Plaintiffs, and counsel for Pinnacle Health shall be permitted to attend the deposition;

(b) The transcript and any audio-video recordings of Pinnacle Health witnesses shall be marked "Confidential" and shall not be disclosed to anyone other than the Court under seal and the parties' expert witnesses. Neither Defendants' counsel nor Plaintiffs' counsel shall release the transcripts or any portion of the transcripts, or audio-video recordings or any portion of any audio-video recordings to any other third parties and counsel shall instruct their expert witnesses and court reporters not to do so under penalty of being held in contempt of Court;

(c) At the conclusion of this litigation, Defendants' counsel and Plaintiffs' counsel shall destroy the transcripts and audio-video recordings, including the transcripts and audio-video recordings provided to their experts;

(d) Under no circumstances shall counsel for the parties or their experts use the information contained in the transcripts or audio-video recordings or the testimony acquired from Pinnacle Health's witnesses for purposes other than

this lawsuit and counsel shall instruct their expert witnesses and court reporters not to do so under penalty of being held in contempt of Court;

   (e) The deposition examination of Pinnacle Health's witnesses are subject to the following:

    (i) regarding medical or mental health treatment of Ms. Wartluft and/or AB, consistent with ¶¶ 1(a)-(b) above; and

    (ii) otherwise consistent with the Federal Rules of Civil Procedure.

  3. The purpose of this Order is to insure compliance with the privacy provisions of the Pennsylvania Mental Health Procedures Act, 50 Pa. Cons. Stat. Ann. § 7111, and the Privacy Rule issued pursuant to the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512(e). In the latter case, this Order constitutes a Qualified Protective Order within the meaning of 45 C.F.R. § 164.512(e).

            */s/ Martin C. Carlson*
            Martin C. Carlson, Magistrate Judge
            Middle District of Pennsylvania