# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIE ELLEN WARTLUFT, et al.,** | : | Civil No. 1:16-CV-2145 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **THE MILTON HERSHEY SCHOOL AND SCHOOL TRUST, et al.,** | : | |
| | : | |
| Defendants | : | |

## ORDER

This case was referred to the undersigned for resolution of various discovery disputes. One of these discovery issues related to the Defendants' compliance with the Plaintiffs' Revised Interrogatory No. 8, which sought additional numeric information relating to the Plaintiffs' theory that the Defendants had a policy of "discarding" students from the Milton Hershey School ("School") after multiple admissions to an outside mental health facility. Specifically, from among the two groups of students that were previously identified as having two or more hospitalizations between 2011 and 2013, the Plaintiffs sought the number of students that were hospitalized for mental health treatment on more than two occasions as well as the number of students that returned to the School. Because the parties were unable to agree on the appropriateness of these discovery requests,

we ordered the Defendants to provide these records to the Court for *in camera* inspection.

We have now conducted this *in camera* review. The information submitted to the Court by the Defendants consists of two single-page spreadsheets. The first spreadsheet lists the number of hospitalizations for each of the three students that were identified as having been terminated from the School. The second spreadsheet lists the number of hospitalizations, number of students placed on leave, and number of students who returned to the School from among the five students that had multiple mental health hospitalizations but were not terminated by the School. We have conducted a review of these spreadsheets, with particular attention paid to the Defendants' concerns that disclosure of this numeric information is not relevant to the issues in the case and that disclosure of the information would potentially infringe upon these students' interest in protecting the confidentiality of their medical information. After carefully considering these arguments, we conclude that the information contained in the two spreadsheets is sufficiently relevant to the issues and theories in this case and would not infringe upon the students' confidentiality. Therefore, we shall order the disclosure of these two spreadsheets, subject to the following two caveats.

First, given this Court's prior admonition that it will not permit the discovery process to become a "slippery slope" of endless discovery requests for

additional data concerning these students, and in light of the comprehensive nature of the response prepared by the Defendants to the Plaintiffs' Revised Interrogatory No. 8, the Court does not anticipate the Plaintiffs requesting any additional information about these students. In the unlikely event that the Plaintiffs deem it necessary to seek even more information beyond the substantial disclosures already made by the Defendants here, the Court would only consider such a request upon a showing that the Plaintiffs have a compelling interest in obtaining the additional information sought.[1]

Second, the Defendants have requested that the release of this information be subject to the existing Qualified Protective Order that has been entered in this case and thus only used for the litigation purposes outlined in that Protective Order. The Court deems this request to be wholly appropriate.

Accordingly, IT IS ORDERED that the Defendants' responses to the Plaintiffs' Revised Interrogatory No. 8, supplied to the Court for *in camera* inspection, are to be produced to the Plaintiffs subject to the terms of the existing

---

[1] The Defendants wished to condition the disclosure of their response on this Court ordering that the Plaintiffs make no further inquiry or discovery requests relating to this student data or otherwise relating to the Plaintiffs' Revised Interrogatory No. 8. While we note the Defendants' concerns that further disclosure of student information would likely jeopardize the students' confidentiality, and we do not see why any further disclosures are necessary at this point, we decline to absolutely foreclose the possibility some unforeseen circumstance warranting further inquiry by the Plaintiffs related to this subject, while noting that any additional requests would be judged against an exacting standard.

Qualified Protective Order that has been entered in this case. It is further ordered that any additional discovery requests made by the Plaintiffs in relation to their Revised Interrogatory No. 8 will be denied absent a showing of a compelling interest in obtaining the additional information sought.

So ordered this 26th day of April, 2018.

<u>/s/ Martin C. Carlson</u>
Magistrate Judge Carlson
United States Magistrate Judge