**Dilworth Paxson**LLP

DIRECT DIAL NUMBER:
(215) 575-7122

Gregory F. Cirillo
gcirillo@dilworthlaw.com

August 15, 2018

**VIA E-MAIL ONLY**

Magistrate Judge Martin C. Carlson
Ronald Reagan Federal Bldg. & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17108-0983

  Re: *Julie Ellen Wartluft f/k/a Julie Ellen Bartels and Frederick L. Bartels, Jr., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased v. The Milton Hershey School, et al.*
    **Civil Action No. 1:16-cv-02145-CCC (M.D. Pa.)**

Dear Judge Carlson:

  We represent Plaintiffs in the above action and write with respect to Your Honor's Order dated July 12, 2018 that addressed Defendants' Motion to Compel the production of materials which Plaintiffs had asserted to be privileged. More specifically, Defendants sought communications with Frederic Fouad. Plaintiffs had long asserted that Mr. Fouad had acted as their counsel after the death of Abbie Bartels and that related communications were protected by the attorney-client privilege. In the July 12th Order, Your Honor ordered that:

> On or before August 1, 2018, the plaintiffs shall provide the court and opposing counsel with a comprehensive privilege log identifying all of the documents in its possession custody or control which are responsive to the defendants' ***discovery demands and motion to compel over which claims of privilege are being asserted*** (emphasis added).

  Your Honor's Order was very clear that Plaintiffs were to log and provide for *in camera* inspection communications that (1) were the subject of a prior discovery request and (2) upon which a claim of privilege was being asserted. In accordance with Your Honor's Order, Plaintiffs provided a log of such communications to the Court and Defendants on August 1, 2018 and the un-redacted communications to the Court on August 8, 2018 for *in camera* review.

  Defendants have taken an extreme position in response. Specifically, Defendants believe that Plaintiffs should have also provided a log and underlying documents related to communications that took place ***solely*** between counsel at Dilworth Paxson and Mr. Fouad. Defendants have not been specific but it seems they want a log of all communications between counsel that took place from the time of counsel's retention in 2013 (when Abbie Bartels died)

1500 Market Street • Suite 3500E • Philadelphia, PA 19102-2101 • 215-575-7000 • Fax: 215-575-7200 www.dilworthlaw.com
• Cherry Hill, NJ • Exton, PA • Harrisburg, PA • Princeton, NJ • Wilmington, DE • New York, NY

120302641_1

up to and including the present time (and perhaps ongoing). Defendants' position is in no way consistent with Your Honor's Order. Moreover, Defendants' position defies reason and would represent an unprecedented step in not only this case but civil litigation generally.

Abbie Bartels died in June 2013. Shortly thereafter, Plaintiffs retained Dilworth Paxson to represent Abbie's estate. Lawyers at Dilworth Paxson have communicated with Mr. Fouad regarding this case since their retention. These communications obviously contain sensitive, case-related information regarding such issues as discovery, legal arguments, strategy, witness and other mental impressions and the like. These communications do not include either of the Plaintiffs in this action, Julie Wartluft or Fred Bartels (Abbie Bartels' parents). Indeed, as would be expected, neither Ms. Wartluft nor Mr. Bartels are even aware of such communications and certainly do not have such communications in their possession, custody or control. Rather, these communications are solely between counsel and in conjunction with Dilworth Paxson's work.

These communications are not subject to a discovery request issued by Defendants to Plaintiffs. As stated above, Plaintiffs do not have possession, custody, or control over these communications or would even be aware of their existence. It follows that Plaintiffs **have not asserted a privilege** over these communications as they were not included on them and had not even seen them. Moreover, as would be expected, Defendants did not serve Dilworth Paxson with a separate discovery request, as doing so would border on the ridiculous. These communications clearly were not to be logged and provided to the Court in accordance with Your Honor's Order.

Beyond this obvious conclusion, a more troubling aspect of this demand is clear. Again, Defendants seek communications solely between counsel and co-counsel and consultant that go to the strategy and mental impressions regarding this case. Testing the attorney-client relationship between Plaintiffs and Mr. Fouad is perhaps one thing. Extending that to Dilworth Paxson's work is, however, another thing entirely. There is no probative value of such communications. Rather, this is simply an attempt by Defendants to gain access to counsel's mental impressions regarding the case and efforts on behalf of the Plaintiffs. Defendants' demand is likewise non-sensical in that it would require Dilworth Paxson to log every communication it has during the course of representing Plaintiffs and continually supplement that log throughout the case. For instance, if Dilworth Paxson provided a log through March, 2018 and then decided to email with Mr. Fouad a week later, then the log would presumably need to be supplemented. This makes no sense and, more important, provides Defendants with unprecedented insight into counsel's work. *See, e.g., Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 139 n. 22 (3d Cir. 2009) (noting: "We underscore that a privilege log may not be required for communications with counsel that takes place after the filing of a law suit.").

There is no authority that such communications be logged (or produced for that matter) and ordering otherwise would represent a leap beyond any semblance of normalcy in litigation. Defendants certainly have not logged their counsel's (Elliott Greenleaf) communications with co-counsel at Pepper Hamilton, or for that matter any other counsel, private investigators, consultants, vendors or experts. There is a reason why they have not done this -- it is not done in

Magistrate Judge Martin C. Carlson
August 15, 2018
Page 3

litigation. Indeed, Defendants have not proferred any equivalent documents or logs to Plaintiffs. There are no special reasons why Dilworth Paxson's representation of Plaintiffs and related communications should be logged or treated otherwise. If they were, it would be a dramatic step that would have no support in actual practice.

Finally, it is worthwhile to remind both the Court and the Defendants what this case is actually about. This case involves the tragic suicide of a 14-year-old Milton Hershey student. Plaintiffs assert that Defendants discriminated against Abbie Bartels and were responsible for her death. Defendants dispute this assertion. Dilworth Paxson was retained by Plaintiffs after Abbie died. Neither Dilworth Paxson (nor Mr. Fouad) are parties to this case. Dilworth Paxson's communications in its capacity as counsel for Plaintiffs have no probative value whatsoever with respect to the death of Abbie Bartels. Defendants' attempt to access those communications (or even a log thereof) is beyond improper. This is just another example where Defendants are more focused on their vendetta against Mr. Fouad than on the actual merits of the case. That focus, however, should not extend to impugn Dilworth Paxson's representation of and prejudice Plaintiffs.

We are available to discuss further at Your Honor's convenience. I would like to note that I will be traveling beginning tomorrow for the rest of this week. I will, however, return and be available at Your Honor's convenience the week of August 20, 2018.

Respectfully,

Gregory F. Cirillo

GFC//tlv
cc:  (via e-mail only)
    Jarad W. Handelman, Esquire
    Kyle M. Elliott, Esquire
    John J. Higson, Esquire
    John W. Schmehl, Esquire

120302641_1