

**Dilworth Paxson**LLP

DIRECT DIAL NUMBER:
(215) 575-7122

Gregory F. Cirillo
gcirillo@dilworthlaw.com

August 23, 2018

**VIA E-MAIL ONLY – MAGISTRATE_JUDGE_CARLSON@PAMD.USCOURTS.GOV**

Magistrate Judge Martin C. Carlson
Ronald Reagan Federal Bldg. & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17108-0983

    Re:    *Julie Ellen Wartluft f/k/a Julie Ellen Bartels and Frederick L. Bartels, Jr., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased v. The Milton Hershey School, et al.*
           **Civil Action No. 1:16-cv-02145-CCC (M.D. Pa.)**

Dear Judge Carlson:

    We are in receipt of Defendants' letter from yesterday which purports to respond to the letter we submitted to Your Honor dated August 15, 2018. As Your Honor is aware, Defendants are seeking communications (and/or a log of communications) that have taken place solely between Dilworth Paxson LLP and Mr. Fouad that relate to this litigation and counsel's work on behalf of Plaintiffs. The positions stated in our August 15, 2018 remain. Defendants' arguments are completely off the wall and unprecedented in a civil case. Indeed, the scorched earth nature of Defendants' demands are particularly offensive given that this civil case involves the death of a 14 year-old girl. While we do not want to burden Your Honor with more correspondence on this issue, we believe it is necessary to offer this very brief response.

    First, neither Dilworth Paxson nor Mr. Fouad are parties in this action. Moreover, neither Dilworth Paxson nor Mr. Fouad are witnesses in this action. The fact that Defendants claim that Mr. Fouad has no personal knowledge of Defendants' "two and out" policy is of zero consequence. As established in discovery and recently summarized in Plaintiffs' opposition to Defendants' motion for summary judgment (filed on August 14, 2018), Plaintiffs have proffered overwhelming evidence in support of this allegation. This evidence has been established by the testimony of Defendants' own witnesses and Defendants' own documents. Moreover, this contention has been supported by the testimony and experience of the Plaintiffs, as well as various third-parties who witnessed and felt the effects of the policy firsthand. That Mr. Fouad – a lawyer who provided advice and guidance to Plaintiffs – has no "personal" knowledge of the policy is totally irrelevant. And, in any event, does not provide any compelling reason to provide Defendants with access to communications solely between Dilworth Paxson and Mr. Fouad.

1500 Market Street • Suite 3500E • Philadelphia, PA 19102-2101 • 215-575-7000 • Fax: 215-575-7200 www.dilworthlaw.com
• Cherry Hill, NJ • Exton, PA • Harrisburg, PA • Princeton, NJ • Wilmington, DE • New York, NY

120316191_1

Magistrate Judge Martin C. Carlson
August 23, 2018
Page 2

      Second, Defendants have a fundamental misunderstanding of the role of counsel. Individuals retain counsel to assist them in pursuing their rights and remedies and formulating the best theories in pursuit. This happens with respect to any representation no matter how experienced the party or complex the matter, but is especially true for individuals like the Plaintiffs who have no legal training or experience and seek help from counsel. In Defendants' view of the world, if a lawyer helps a client formulate theories and build their case, then somehow the lawyers' work and related communications are fair game for inspection. There is obviously no authority for such an radical position and, indeed, it makes no sense. Again, the Court need only look at Defendants' own actions to prove the absurdity of Defendants' position. It is a certainty that Defendants' current counsel at Elliott Greenleaf has corresponded about this case with prior counsel at Pepper Hamilton, as well as its numerous consultants, private investigators and experts. Defendants of course have not produced or logged these communications and would undoubtedly take the position that they are off-limits. The communications between Dilworth Paxson and Mr. Fouad are exactly the same type of communications. Defendants cannot have it both ways simply because they have an axe to grind against Mr. Fouad (and perhaps Dilworth Paxson). Moreover, Defendants cannot have it both ways because they proffer wild, dishonest and false reasons as to why such communications are in any way relevant.

      Despite all the rhetoric and false assertions by Defendants, the bottom line is that they want access to counsel's work-product to presumably get an insight into counsel's mental impressions and theories of the case. Enough is enough. Defendants' demand is unprecedented and should be rejected outright.

      We are available at Your Honor's convenience at any time prior to tomorrow's conference call should the Court have any inquiries.

Respectfully,

Gregory F. Cirillo

GFC//tlv
cc:    (via e-mail only)
      Jarad W. Handelman, Esquire
      Kyle M. Elliott, Esquire
      John J. Higson, Esquire
      John W. Schmehl, Esquire

1500 Market Street • Suite 3500E • Philadelphia, PA 19102-2101 • 215-575-7000 • Fax: 215-575-7200 www.dilworthlaw.com
• Cherry Hill, NJ • Exton, PA • Harrisburg, PA • Princeton, NJ • Wilmington, DE • New York, NY

120316191_1