# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIE ELLEN WARTLUFT, et al.,** | : | Civil No. 1:16-CV-2145 |
| | : | |
| Plaintiffs | : | (Chief Judge Conner) |
| | : | |
| | : | (Magistrate Judge Carlson) |
| v. | : | |
| | : | |
| **THE MILTON HERSHEY SCHOOL** | : | |
| **AND SCHOOL TRUST, et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### I.   Factual Background

This case, which arises out of "a singular tragedy, the suicide of the plaintiffs' 14 year-old daughter in June of 2013," Wartluft v. Milton Hershey Sch. & Sch. Tr., No. 1:16-CV-2145, 2017 WL 4698102, at *1 (M.D. Pa. Oct. 19, 2017), comes before us for consideration of competing letter requests relating to a demand by the defendants for further compliance with a subpoena *duces tecum* served by the defendants upon an advocacy group, Protect Hershey's Children, (PHC), as well as PHC's President, an attorney named Ric Fouad. The nature of this dispute is thoroughly outlined in correspondence filed by the parties with this court and need not be repeated in detail at this time. (Docs. 172 and184.) In our view, these

discovery disputes raise for the court a series of issues, the resolution of which may be entirely unnecessary depending upon the outcome of the summary judgment litigation. Accordingly, for the reasons set forth below, given the current posture of this litigation we will STAY further consideration of these discovery disputes pending resolution of the summary judgment motion filed in this case.

## II. Discussion

Several basic guiding principles inform our resolution of the instant discovery issues. At the outset rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the timing and scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572,

585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

This discretion is guided, however, by certain basic principles. One of these cardinal principles, governing the exercise of discretion in this field, is that the

3

district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: When there are motions pending which present potentially meritorious and complete legal defenses to civil actions, the parties should not be put to the time, expense and burden of additional factual discovery until after these claimed legal defenses are addressed by the court.

> In such instances, it is clearly established that:
>
> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) ( citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that the further discovery sought in this case should be briefly stayed at this time until after the court resolves the pending summary judgment motion. We reach this conclusion in accordance with settled case law, finding that: "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

An appropriate order follows:

## II.  <u>Order</u>

Accordingly, for the foregoing reasons, the further discovery sought in this case (Docs. 172 and 180) is STAYED pending the resolution of the pending dispositive motion.

So ordered this 31st day of August, 2018.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
