**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JULIE ELLEN WARTLUFT F/K/A JULIE ELLEN BARTELS AND FREDERICK L. BARTELS, JR., Individually and as Administrators of the Estate of Abrielle Kira Bartels, Deceased, <br><br> Plaintiffs, <br> vs. <br><br> THE MILTON HERSHEY SCHOOL, et al, <br><br> Defendants. | 1:16-cv-02145-CCC |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO STRIKE**

Gregory F. Cirillo, Esquire
John J. Higson, Esquire
John W. Schmehl, Esquire
DILWORTH PAXSON LLP
1500 Market St., Suite3500E
Philadelphia, PA  19102
215-575-7000
gcirillo@dilworthlaw.com
jhigson@dilworthlaw.com
jschmehl@dilworthlaw.com

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................... ii

I.  FACTUAL AND PROCEDURAL BACKGROUND ..................................1

II. STATEMENT OF QUESTIONS INVOLVED ..............................................1

III. LEGAL ARGUMENT .....................................................................................2

   A. Plaintiffs' Opposition Comports with Its Obligations Under
       Middle District Rule 56.1 and Federal Rule of Civil Procedure 56. ........3

   B. Defendants' Proposed Remedy Is Improper ..............................................7

   C. The Higson Declaration and Attendant Exhibits Comply with
       Federal Rules of Civil Procedure. ...............................................................9

       1. The Higson Declaration .....................................................................9

       2. The White Paper, Form 990s, and Settlement Agreement ................11

          *a. The White Paper* ..........................................................................11

          *b. Form 990s* ...................................................................................12

          *c. Settlement Agreement* .................................................................13

       3. Inclusion of deposition transcripts is proper and expressly
          contemplated by the Federal rules. .....................................................13

   D. Plaintiffs' Expert Reports Were Properly Included As Exhibits
       to Plaintiffs' Opposition to Defendants' Motion for Summary
       Judgment. ...................................................................................................15

IV. CONCLUSION ...............................................................................................16

# **TABLE OF AUTHORITIES**

**PAGE**

**Cases**

*Am. Power, LLC v. Speedco., Inc.*,
   1:15-CV-2091, 2016 WL 6563671 (M.D. Pa. Nov. 4, 2016) ................................8

*Ball v. Buckley*,
   1:11-CV-1829, 2012 WL 6681797 (M.D. Pa. Dec. 21, 2012)...............................9

*Bouriez v. Carnegie Mellon Univ.*,
   CIV.A. 02-2104, 2005 WL 2106582 (W.D. Pa. Aug. 26, 2005) ........................15

*ERBE Electromedizin GmbH v. Canady Tech. LLC*,
   529 F.Supp.2d 577 (W.D. Pa. 2007) ..................................................................14

*Gonzalez v. Thomas Built Buses, Inc.*,
   934 F. Supp. 2d 747 (M.D. Pa. 2013) ................................................................10

*McLaughlin v. Forty Fort Borough*,
   3:13-CV-16, 2015 WL 1963128 (M.D. Pa. May 1, 2015).....................................5

*Shelton v. Univ. of Medicine & Dentistry of New Jersey*,
   223 F.3d 220 (3d Cir. 2000) ................................................................................14

*Veolia Water Sols. & Techs. N. Am., Inc. v. Aquatech Int'l Corp.*,
   123 F. Supp. 3d 695 (W.D. Pa. 2015) ................................................................14

**Rules and Regulations**

District Rule 56.1 .........................................................................................................3

Fed. R. Civ. P. 56................................................................................... 1, 3, 4, 7

Fed. R. Civ. P. 56(a)....................................................................................................4

Fed. R. Civ. P. 56(c)(1)...............................................................................................6

Fed. R. Civ. P. 56(c)(1)(A) .......................................................................................14

Fed. R. Civ. P. 56(c)(3)...............................................................................................6

Fed. R. Evid. 901(b) ..................................................................................................11

Fed. R. Evid. 901(b)(7)(A) .......................................................................................13

Local Rule 56.1 ................................................................................................. passim

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This case involves the tragic and preventable death of a 14-year old girl and a residential school that put its own interests above her well-being. On June 22, 2018, Defendants filed a Motion for Summary Judgment, a Statement of Undisputed Facts, and a supporting Memorandum of Law. On August 14, 2018, Plaintiff filed its Opposition to Defendants' Motion for Summary Judgment, Opposition to Defendants' Statement of Undisputed Facts and Statement of Facts in Opposition to Defendants' Motion, collectively ("Plaintiffs' Opposition"). Plaintiffs' Opposition also includes exhibits with an attendant Declaration from John J. Higson, an attorney of record in this case, attesting that the exhibits are true and correct copies. Defendants filed a Reply in Support of Summary Judgment along with the instant motion on September 4, 2018.

**II.    STATEMENT OF QUESTIONS INVOLVED**

1.     Should this Court strike Plaintiffs' Statement of Facts in Opposition to Defendants' Motion for Summary Judgment where Plaintiffs fulfilled the obligations set forth in Local Rule 56.1 and Federal Rule of Civil Procedure 56?

*Suggested Answer:* No.

2.     Should this Court strike Plaintiffs' Responses to Defendants' Statement of Undisputed Facts where Plaintiff properly issued admittances and denials, and proffered additional facts with record support?

*Suggested Answer*: No.

3.     Should this Court strike John J. Higson's Declaration where, as an officer of the court and attorney in this matter, he attested that Plaintiffs' exhibits were true and correct copies?

*Suggested Answer:* No.

4.     Should this Court strike Plaintiffs' expert reports where John J. Higson attested that they are true and correct copies of the expert reports received by Defendants and where Plaintiffs provided sworn expert affidavits in response to Defendants' objections?

*Suggested Answer:* No.

5.     Should this Court strike Plaintiffs' exhibits as unauthenticated where Defendants included the same exhibits in support of its Motion for Summary Judgment, where Defendants' representatives authenticated such exhibits through their deposition testimony, and where such exhibits are otherwise publicly available?

*Suggested Answer:* No.

### III.   LEGAL ARGUMENT

Recognizing that their chances for Summary Judgment have been dealt a serious blow by Plaintiffs' facts cited to and supported by record evidence, Defendants in desperation urge this Court to ignore all Plaintiffs' facts.

Defendants claim that multiple paragraphs of Plaintiffs' Opposition to Defendants' Statement of Undisputed Facts and the entirety of Plaintiffs' Statement of Facts In Opposition to Defendants' Motion for Summary Judgment should be stricken for a failure to comply with Local Rule 56.1. This claim has no merit as Plaintiffs complied with its obligations under Local Rule 56.1. Regardless, Defendants' proposed remedy is improper.

### A. Plaintiffs' Opposition Comports with Its Obligations Under Middle District Rule 56.1 and Federal Rule of Civil Procedure 56.

United States District Court for the Middle District of Pennsylvania Local Rule 56.1 provides, in relevant part, that:

> A motion for summary judgment . . . shall be accompanied by a separate, short and concise statement of material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
>
> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.
>
> Statements of material facts in support of, or in opposition to, a motion shall include references to all the parts of the record that support the statements.

Here, Plaintiffs have satisfied their obligations set forth in Local Rule 56.1. As an initial matter, it should be noted that Defendants' Statement of Undisputed Facts runs afoul of the very purpose of Local Rule 56.1 as Defendants failed to

3

provide short concise statements of material fact. Instead, Defendants provided a laundry list of lengthy and voluminous factual summations (often unsupportable on their face). Nonetheless, in accordance with Local Rule 56.1, Plaintiffs responded to paragraphs 1 through 356 of Defendants Statement of Undisputed Facts with an admission or denial. In doing so, Plaintiffs proffered their rationale for denials and provided citations to the record in support of their opposition to Defendants' motion for summary judgment. In addition, Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment sets forth factual narratives which, by necessity, presents additional facts, all with cited record support. Plaintiffs' Factual Background directly opposes Defendants' Motion for Summary Judgment and Statement of Undisputed Facts. For ease of reference, Plaintiffs also included the facts provided in the Factual Background in its Statement of Facts In Opposition. In doing so, Plaintiffs satisfied its obligation under Federal Rule of Civil Procedure 56 by demonstrating that there is a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

Contrary to Defendants' assertion, Plaintiffs did not just deny Defendants' factual allegations "as stated" but instead provided a factual narrative to explain why Defendants' view of the world is wrong and not supported by the record. Additionally, Plaintiffs' response that a certain document "speaks for itself" is both

proper and necessary given that Defendants repeatedly quote cherry-picked portions of the record.

Not only are Defendants' allegations off the mark, but, as mentioned, their own filings violate Local Rule 56.1, and their asserted remedy specifically contravenes the spirit of the Federal rules. *McLaughlin v. Forty Fort Borough*, 3:13-CV-16, 2015 WL 1963128, at *2 (M.D. Pa. May 1, 2015) ("[It is] entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of ... mere technicalities."). Moreover, and ironically, Defendants are seeking to strike from Plaintiffs' filings the very same type of evidence – in many cases the same *exact* evidence – that Defendants cite in support of their motion. More specifically, in Defendants' motion, they cited numerous pieces of evidence via an unverified "index" of exhibits. Among the purported evidence filed by Defendants are such items as Abbie's school and medical records from the Milton Hershey School, Abbie's medical records from PPI, deposition testimony from various witness, the "MHS White Paper" and related documents. In a strange twist, although Defendants seem to have no issue proffering this evidence in their affirmative motion (again which is supported by an unverified "index" of exhibits), Defendants oppose the introduction of this same evidence in Plaintiffs' response. Defendants' position makes no sense whatsoever and, again ironically, should lead to Defendants' evidence being stricken if

Defendants' position is correct. That obviously is nonsensical but is somehow the position taken by Defendants in their motion.

Defendants are also completely incorrect in their assessment of what the rules require. Fed. R. Civ. P. 56(c)(1), governing Summary Judgments, provides, in part, that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of the record, including affidavits or declarations, *or* showing that the materials cited do not establish the absence or presence of a genuine dispute. Citing Local Rule 56.1, Defendants maintain that Plaintiffs may not respond to each of the movant's statements and also submit their own statement of facts in opposition to Defendants' Motion. However, Federal Rule of Civil Procedure 56(c)(3) provides that while the court need consider only the cited materials from the parties, it may consider other materials in the record. This paragraph (c)(3) by itself shows the flaw of Defendants' argument.

The Federal rule would not permit the court to consider any material that is not cited by either party, and yet preclude the non-moving party from providing the court with additional actual cites to the record to assist the court in rendering its decision. Plaintiffs' Statement of Facts in Opposition to Defendants' Motion for Summary Judgment provides citations to the record which establish that there is a "presence of a genuine dispute" such to preclude summary judgment.

Plaintiffs' Statement of Facts in Opposition is also incorporated into Plaintiffs' responses to Defendants' numbered paragraphs in 13 places. (Responses 47, 48, 94, 98, 125, 134, 173, 177, 183, 185, 186, 187, 356). Defendants themselves incorporated by reference in their Paragraph 356 all facts cited in their Memorandum of Law, which also made it impossible for Plaintiffs to respond only to numbered paragraphs.

Moreover, Local Rule 56.1, also allows in a separate stated paragraph for "Statements of material facts in . . . opposition to, a motion" that should include references to the parts of the record that support the statements. Plaintiffs properly denied and admitted facts in compliance with their obligations under Federal Rule of Civil Procedure 56 and Local Rule 56.1. Thus, Plaintiffs fully complied with Local Rule 56.1.

### B. Defendants' Proposed Remedy Is Improper.

Defendants conclude that the court must strike all of "Plaintiffs' Statement of Facts in Opposition to Defendants' Motion for Summary Judgment," even though they are incorporated by reference in 13 places in the response to those 356 paragraphs. Defendants should no more be granted this relief than if they demanded that the court not look beyond facts submitted by either party that are in the record, as Federal Rule 56(c) allows.

If Defendants truly believe that Plaintiffs have failed to properly address their assertions of fact as required under Federal Rule 56, the court may give an opportunity for Plaintiffs to support or address the fact, or consider it undisputed. The proper remedy is not to strike the response in a Motion to Strike. *See Am. Power, LLC v. Speedco., Inc.*, 1:15-CV-2091, 2016 WL 6563671, at *1 (M.D. Pa. Nov. 4, 2016) (Carlson, J.) (noting that motions to strike "serve[] a limited and narrow purpose under the law" and that "matters should be addressed on their merits").

The Committee Notes on Rules-2010 Amendment for Rule 56(e)(1) provide that the rule "does not address the form for providing the required support [of an assertion that a fact can be genuinely disputed]. Different courts and judges have adopted different forms, including, for example, that support be . . . made part of a separate statement of facts, interpolated in the body of a brief or memorandum, or provided in a separate statement of facts included in a brief or memorandum." Thus, the Federal Rule does not require any particular format.

Further, Fed. Rul. Civ. Pro. 83(a) provides that local rules must be consistent with Federal rules, and a local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a non-willful failure to comply. Thus, even if Defendants were correct that Plaintiffs did not conform to Local Rule 56.1, its remedy to strike all the allegations of fact is not

8

proper.[1] *Ball v. Buckley*, 1:11-CV-1829, 2012 WL 6681797, at *2 (M.D. Pa. Dec. 21, 2012) (denying motion to strike plaintiff's counterstatement of facts concluding that the court was capable of assessing the counterstatements as filed, notwithstanding a failure to conform to the Local Rules).

      **C.    The Higson Declaration and Attendant Exhibits Comply with Federal Rules of Civil Procedure.**

           **1.    The Higson Declaration**

Defendants' objections to the Higson Declaration should likewise be rejected. The Higson Declaration merely introduces exhibits cited by Plaintiffs in their response. Plaintiffs' counsel, John J. Higson, certainly possesses the requisite personal knowledge as to the exhibits to introduce them as exhibits to Plaintiffs' response. The Declaration may not even have been necessary to cite to the exhibits, but was merely added to assist the court. It is in the nature of an Appendix—or ironically the unverified "index" of exhibits submitted by Defendants.

---

[1] Indeed, Defendants are in violation of Local Rule 56.1. Local Rule 56.1 requires a short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Defendants instead submitted 356 numbered paragraphs of fact that they deem material, one of which is approximately 896 words in length, and allege no genuine issue in dispute as to a single word of any of the 356 paragraphs. By definition, Plaintiffs' response in opposition could not be short or concise if required to respond to the 356 voluminous paragraphs of Defendants, and those additional facts that they incorporated by reference.

9

In Defendants' absurd view of the world, a party would need to provide a separate declaration for every single piece of information cited. As an officer of the court and an attorney in this case, Mr. Higson is able to verify that the attached exhibits are true and correct copies. Mr. Higson was not swearing to the veracity of factual allegations but is merely attesting that the exhibits included within the appendix are true and correct copies. *Gonzalez v. Thomas Built Buses, Inc.*, 934 F. Supp. 2d 747, 752 (M.D. Pa. 2013) ("Authentication of a document does not relate to its admissibility, but rather to its genuineness.") (internal citation omitted). Defendants' position makes no practical sense.

Again, Defendants' position here is counter-intuitive because they proffer the same evidence in their affirmative motion for summary judgment. As stated above, Defendants submit an unverified "index" of exhibits which include such items as Abbie's school and medical records from the Milton Hershey School, Abbie's medical records from PPI, deposition testimony from various witness, the "MHS White Paper" and related documents. In opposition, Defendants generally cite the same type of evidence. In Defendants' worldview, it is permissible for Defendants to submit this evidence but not permissible for Plaintiffs to submit the same evidence in response. Defendants' position makes no sense. If anything, it should lead to Defendants' evidence being stricken.

## 2. The White Paper, Form 990s, and Settlement Agreement.

In addition to addressing each area of alleged justification for Defendants' Motion to Strike, we point the court to another egregious misuse of Defendants' filings. Defendants' object to the use of their own Forms 990, their own MHS White Paper ("How Schools Can Help Break the Cycle of Poverty: A Whole Child Approach"), and their own "purported" Settlement Agreement as not authenticated when their witnesses have testified about them, and after they were introduced as exhibits at their depositions. Indeed, the Federal Rules of Evidence permit authentication by several means, including authentication based on distinctive characteristics such as "appearance, contents, substance, internal patterns, or other distinctive characteristics . . . taken together with all the circumstances." Fed. R. Evid. 901(b).

### *a. The White Paper*

In fact, a search of the title of the MHS White Paper on the MHS website reveals no less than ten times where it is linked, and is referred to as "our White Paper." A true and correct copy of search results on the MHS website is attached as Exhibit A. In addition, the exact same document was linked in a full page paid advertisement taken by MHS in the Washington Post on December 5, 2016. A true and correct copy of MHS-sponsored Washington Post advertisement is attached as Exhibit B. Indeed, the White Paper was included as Exhibit P-96 of Dr. Beth

11

Shaw's deposition. Additionally, Dr. Shaw discussed and authenticated the White Paper through her deposition testimony.

More puzzling is that Defendants cite to MHS' White Paper in paragraph 20 of their own Statement of Facts and have included the White Paper as an exhibit. *See* Exhibit 20. It is as if one law firm prepared Defendants' Statement of Facts and a second law firm prepared their instant Motion, not realizing that they used the same documents as exhibits that they now deem to be inauthentic. This is merely one example of Defendants' harassment of Plaintiffs, designed only to waste time of Plaintiffs' counsel and this court.

### b. *Form 990s*

The second example of Defendants' bad faith is their objecting to their own Forms 990, a copy of which from Internal Revenue Service ("IRS") records, is published on several websites such as the Foundation Center. A true and correct copy of search results from the Foundation Center website is attached as Exhibit C. Additionally, Peter Gurt discussed and authenticated the Form 990s through deposition testimony. Additionally, the Federal Rules of Evidence permit authentication through evidence about public records, including evidence that "a document was recorded or filed in a public office as authorized by law." Fed. R. Evid. 901(b)(7)(A). Here, the forms are publicly available and verified as copies

from IRS records, and the most recent Form 990 was supplied directly by Defendants and is stamped as a public copy.

### c.     *Settlement Agreement.*

Defendants also object to the lack of authentication of the Settlement Agreement between the U.S. Department of Justice and MHS. Similarly, this Settlement Agreement is also publicly available as part of the federal government's Press Release. *See* Settlement Agreement Between the United States of America, The Milton Hershey School, and Mother Smith Under the Americans with Disabilities Act, *available at* https://www.ada.gov/milton-hershey_sa.htm

In none of these three instances can Defendants in good faith represent the documents are inauthentic, as they created them singly or in concert with the U.S. government. These documents have been authenticated. If nothing else, the court could take judicial notice of these documents. Defendants' have no reasonable objection to their use nor could they. The flagrant frivolity, hypocrisy, and disingenuousness of Defendants' argument is underscored by the fact that Defendants themselves included the White Paper, deposition transcripts, and other documents as exhibits in their index.

### 3.     **Inclusion of deposition transcripts is proper and expressly contemplated by the Federal rules.**

Defendants erroneously contend that deposition transcripts should be stricken as exhibits from Plaintiffs' Opposition. However, the Federal Rules

13

expressly contemplate that depositions may be used at the summary judgment stage to demonstrate a genuine factual dispute. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including *depositions* . . .") (emphasis added).

Further, Defendants contend that deposition transcripts used as Plaintiffs' exhibits should be stricken because they are inadmissible. However, this blanket assertion misstates the purpose of certain deposition testimony. Indeed, otherwise inadmissible evidence may be considered at summary judgment if it could later be presented in an admissible form at trial. *See Shelton v. Univ. of Medicine & Dentistry of New Jersey*, 223 F.3d 220, 223 n.2 (3d Cir. 2000) (finding no error in the district court's consideration of a letter containing hearsay that defendant submitted in support of its motion for summary judgment); *Styer v. Frito-Lay, Inc.,* 1:13-CV-833, 2015 WL 999122, at *1 (M.D. Pa. Mar. 6, 2015); *Veolia Water Sols. & Techs. N. Am., Inc. v. Aquatech Int'l Corp.*, 123 F. Supp. 3d 695, 701 (W.D. Pa. 2015) (noting that hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial); *ERBE Electromedizin GmbH v. Canady Tech. LLC*, 529 F.Supp.2d 577, 586–87 (W.D. Pa. 2007) ("It is well-established in this jurisdiction that the nonmoving party does not have to produce evidence in a form that would be admissible at trial to avoid summary

judgment.")[2] Finally, Defendants' argument is belied by the fact that they included deposition transcripts as exhibits to their own Motion for Summary Judgment.

> **D. Plaintiffs' Expert Reports Were Properly Included As Exhibits to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment.**

Plaintiffs' proffered expert reports are completely consistent with their obligations under the Federal Rules of Civil Procedure. As previously discussed, Mr. Higson is an officer of the court and an attorney of record in this case. Accordingly, he is permitted to declare that the expert reports referenced in Plaintiffs' opposition are true and correct copies of the reports given to Defendants over four months ago.[3] [4]

---

[2] Defendants' Memorandum misstates the purpose of certain deposition testimony, which is not to testify as to any two-hospitalization policy, but to provide evidence of their own individualized experience with two hospitalizations.

[3] Defendants' argument that Dr. Gavazzi's expert report was untimely is meritless. It is undisputed that Plaintiffs timely served Dr. Gavazzi's original report on Defendants. Defendants subsequently served a report which criticized some of Dr. Gavazzi's opinions. Dr. Gavazzi rebutted those criticisms in a timely served rebuttal report. Dr. Gavazzi could only rebut the criticisms after receiving Defendants' report criticizing his original findings. His rebuttal report was appropriate.

[4] Regardless, Plaintiffs have attached the sworn statements of Drs. Joiner, Sternberg, and Gavazzi as Exhibits D, E, and F, respectively. See *Bouriez v. Carnegie Mellon Univ.*, CIV.A. 02-2104, 2005 WL 2106582, at *7 (W.D. Pa. Aug. 26, 2005) (noting that a court has discretion to allow an expert affidavit to be filed in response to an objection about the authentication of an expert report).

Further, contrary to Defendants' insinuations, this case does not involve counts of professional misconduct. Plaintiffs maintain that a resource-rich residential children's facility, through various employees, discriminated against Abbie Bartels, and engaged in actionable wrongful conduct. That some of this wrongdoing was done by staff, some by administrators, and some by treatment providers, does not implicate the certificate of merit procedures. Finally, the experts do not opine on ultimate conclusions of fact. They highlight fundamental differences of each party's interpretation of the facts, and demonstrate why these facts need to be tried to a jury. Thus, Plaintiffs' expert reports may properly be considered at summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Strike.


Dated: September 18, 2018                     */s/ Gregory F. Cirillo*
                                                                                 GREGORY F. CIRILLO

# **CERTIFICATE OF SERVICE**

I, Gregory F. Cirillo, Esquire, do hereby certify that the foregoing Memorandum of Law In Opposition to Defendants' Motion to Strike was filed electronically via the ECF system, and served via electronic mail on the date set forth below and, therefore, made available to all counsel of record, as follows:

Jarad W. Handelman, Esquire
Market Square Plaza
17 North Second Street
Suite 1420
Harrisburg, PA 17101
jwh@elliottgreenleaf.com


Kyle M. Elliott, Esquire
Elliott Greenleaf, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
kme@elliottgreenleaf.com

*Attorneys for Defendants*


Dated: September 18, 2018              */s/ Gregory F. Cirillo*
                                              GREGORY F. CIRILLO