# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE ELLEN WARTLUFT *et al.*, | : | 1:16-cv-2145 |
| Plaintiffs, | : | Hon. John E. Jones III |
| v. | : | |
| THE MILTON HERSHEY SCHOOL AND SCHOOL TRUST *et al.*, | : | |
| Defendants. | : | |

# ORDER

**November 12, 2019**

In consideration of the parties' joint stipulation concerning summary judgment, (Doc. 287), said stipulation is **APPROVED TO THE FOLLOWING EXTENT**:

1. All motions for summary judgment shall be accompanied by supporting briefs and shall be filed on or before December 17, 2019.

2. All responses in opposition to motions for summary judgment shall be filed on or before January 24, 2020.

3. All replies in further support of summary judgment shall be filed on or before February 7, 2020.

4. Defendants shall file one collective motion for summary judgment and one brief in support thereof.  Plaintiffs shall file one collective brief in opposition

thereto and, if necessary, Defendants shall file one collective Reply.  If Plaintiffs elect to file a motion for summary judgment, Plaintiffs shall file one collective brief in support thereof, Defendants shall file one collective brief in opposition thereto and, if necessary, Plaintiffs shall file one collective Reply.[1]

5. All briefs filed by all parties in connection with any motion for summary judgment in the above-captioned case shall not exceed 10,000 words and shall otherwise comply with Middle District of Pennsylvania Local Rules.

/s/ John E. Jones III
John E. Jones III
United States District Judge

---

[1] We hasten to note that all Defendants and all Plaintiffs are represented by the same counsel.  We also note that the parties indicated in their stipulation that "Plaintiffs or Defendants may elect to file one collective brief in response to the parties' motions for summary judgment subject to the word limitations stated herein."  (Doc. 287).  Thus, in our view, filing a collective brief is not prejudicial and the parties have so acknowledged.  Accordingly, we shall exercise our discretion and deviate from the parties' proposed scheduling order so that we can control our docket and our caseload and get "on with the business of deciding cases."  *See Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 567 (3d Cir. 1985) ("A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases.").