IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE ELLEN WARTLUFT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE MILTON HERSHEY SCHOOL AND SCHOOL TRUST, et al.<br><br>    Defendants. | Civil Action<br><br>No. 1:16-cv-02145-JEJ<br>(The Honorable John E. Jones)<br>(The Honorable Martin C. Carlson) |

## [PROPOSED] ORDER

Upon consideration of the motion by intervenor The Philadelphia Inquirer, PBC ("The Inquirer") to unseal, any opposition(s) thereto, and the entire record herein, it is hereby **ORDERED** that:

2. The Inquirer's motion for access to those judicial records is GRANTED; and

3. The Clerk shall place on the public docket a copy of the records corresponding with the following docket entries in this matter: 294, 295, 296, 298, and 299.

**SO ORDERED**.

_____
HON. JOHN E. JONES
United States District Judge

1

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE ELLEN WARTLUFT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE MILTON HERSHEY SCHOOL AND SCHOOL TRUST, et al. <br><br> Defendants. | Civil Action <br><br> No. 1:16-cv-02145-JEJ <br> (The Honorable John E. Jones) <br> (The Honorable Martin C. Carlson) |

**INTERVENOR THE PHILADELPHIA INQUIRER'S MOTION TO
<u>UNSEAL JUDICIAL RECORDS</u>**

Intervenor The Philadelphia Inquirer, PBC ("The Inquirer"), publisher of *The Philadelphia Inquirer*, seeks an order unsealing judicial records filed by the parties in this matter on December 17, 2019, including the documents at docket entries 294, 295, 296, 298, and 299.  This Motion is made on the grounds that:

1. On June 20, 2019, The Inquirer filed a motion to intervene in this matter for the limited purpose of seeking an order unsealing court documents, including the sealed documents at docket entries 127, 135, 160, 161, 173, 174, 176, 196, 203, 204, and 205.  ECF 266.

2. That motion was referred to the Magistrate Judge, who, on October 22, issued a Memorandum Opinion and Order granting The Inquirer's motion to intervene in this matter and provisionally unsealing the documents at docket entries 127, 135, 160, 161, 173, 174, 176, and 196.  ECF 286 (the "Order").  The Order

1

permitted Defendants to propose redactions to these documents within 45 days "to protect the private interests of nonparties, or alternatively" to "make a particularized showing" justifying their continued sealing. *Id*. at 23. The Order further permitted The Inquirer "within 14 days to challenge any redactions it deems insufficient or any showing of good cause made by defendants" and indicated that the Court would "then conduct a document-by-document analysis of the remaining disputed documents." *Id*. at 23–24.

3. On December 6, Defendants filed their Brief in Support of Continued Sealing And/Or Redactions Per The Court's October 22, 2019 Opinion and Order, accompanied by proposed redactions. ECF 291.

4. On December 17, Plaintiffs filed a motion for partial summary judgment against Defendants "as to whether Defendants' Decision to Prohibit Abbie Bartels From Returning to School in June 2013 Failed to Comply With its Applicable Policies and Procedures." ECF 293. Plaintiffs' memorandum of law and all other documents filed in support thereof were filed entirely under seal. *See* ECF 294, 295, 296.

5. That same day, Defendants filed a motion for summary judgment on all of Plaintiffs' remaining claims. ECF 297. Defendants publicly filed redacted versions of their memorandum of law and all other documents filed in support of their motion for summary judgment, stating that said documents were "redacted in

conformity with Defendants' December 6, 2019, submission to the Court." *Id*. at 2. Accordingly, the documents filed in support of Defendants' motion for summary judgment are sealed in part. *See* ECF 298 and 299.

6. On December 20, The Inquirer filed its response to Defendants' Brief in Support of Continued Sealing And/Or Redactions Per The Court's October 22, 2019 Opinion and Order, challenging a number of Defendants' proposed redactions and arguments for continued sealing. ECF 302.

7. The Inquirer has a First Amendment right to access judicial records filed with the Court in this matter, including the sealed or partially sealed documents at docket entries 294, 295, 296, 298 and 299, and said constitutional right is not overcome.

8. The Inquirer has a common law right of access to judicial records filed with the Court in this matter, including the sealed or partially sealed documents at docket entries 294, 295, 296, 298 and 299, and said common law right is not overcome.

9. To the extent countervailing interests overcome The Inquirer's First Amendment and common law rights of access to certain information in these sealed judicial records, any sealing must be no broader than necessary to serve those interests and must be supported by specific, on-the-record factual findings.

10. In addition to the documents ordered provisionally unsealed on October 22, the sealed or partially sealed documents at docket entries 294, 295, 296, 298 and 299, should be unsealed.

This Motion is based on the concurrently filed Memorandum of Law in Support of Intervenor The Philadelphia Inquirer's Motion to Unseal Judicial Records, all pleadings, records, and files in the above-captioned case, all matters of which the Court shall take judicial notice, and on such argument as may be presented by counsel at any hearing on this Motion.

-

December 20, 2019  Respectfully submitted,

          *s/Katie Townsend*
Katie Townsend (*pro hac vice*)
Jennifer Nelson (*pro hac vice*)
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org
jnelson@rcfp.org

Michael Berry
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Phone: 215.988.9773
Facsimile: 215.864.8999
berrym@ballardspahr.com

*Counsel for Intervenor*
*The Philadelphia Inquirer, PBC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULES**

I certify that counsel for The Inquirer sought concurrence in this Motion from each party, as required by L.R. 7.1, as follows:

On December 19, 2019, I contacted John Schmehl and Gregory Cirillo, counsel for plaintiffs Frederick L. Bartels, Jr. and Julie Ellen Wartluft, who responded that Plaintiffs concur in this Motion.

On December 19, 2019, I contacted Jared W. Handelman and Kyle M. Elliott, counsel for defendants The Milton Hershey School and School Trust, the Milton Hershey School Trust, the Board of Managers of the Milton Hershey School, and The Hershey Trust Company, who responded that Defendants do not concur in this Motion.

*/s/ Katie Townsend*
Katie Townsend

## **CERTIFICATE OF SERVICE**

I, Katie Townsend, Esquire, hereby certify that on the 20th day of December 2019, I caused the foregoing to be served via ECF upon all counsel in the above-captioned matter.

Dated: December 20, 2019

                                                 */s/ Katie Townsend*
                                                 Katie Townsend