IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE ELLEN WARTLUFT, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE MILTON HERSHEY SCHOOL AND SCHOOL TRUST, et al.<br><br>　　　　Defendants. | Civil Action<br><br>No. 1:16-cv-02145-JEJ<br>(The Honorable John E. Jones)<br>(The Honorable Martin C. Carlson) |

**MEMORANDUM OF LAW IN SUPPORT OF INTERVENOR THE
PHILADELPHIA INQUIRER'S MOTION TO
<u>UNSEAL JUDICIAL RECORDS</u>**

Katie Townsend (*pro hac vice*)
Jennifer Nelson (*pro hac vice*)
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org
jnelson@rcfp.org

Michael Berry
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Phone: 215.988.9773
Facsimile: 215.864.8999
berrym@ballardspahr.com

*Counsel for Intervenor*
*The Philadelphia Inquirer, PBC*

# INTRODUCTION

Intervenor The Philadelphia Inquirer, PBC ("The Inquirer"), publisher of *The Philadelphia Inquirer*, respectfully submits this Memorandum of Law in support of its Motion to Unseal Judicial Records.

Further to its pending June 20, 2019 motion to unseal court documents, ECF 266, The Inquirer respectfully requests an order unsealing the sealed or partially sealed documents at docket entries 294, 295, 296, 298 and 299 that were filed with the Court on December 17, 2019 (the "Sealed Records"). The Sealed Records were filed by Plaintiffs and Defendants in support of motions for summary judgment. For the reasons set forth in The Inquirer's prior briefing in this matter, *see* ECF 267, 274, 278, 302, which is expressly incorporated by reference herein, the Sealed Records should be immediately unsealed.

# RELEVANT PROCEDURAL HISTORY & STATEMENT OF THE FACTS

The Inquirer previously filed a motion to intervene in this matter for the limited purpose of seeking an order unsealing court documents, including the sealed documents at docket entries 127, 135, 160, 161, 173, 174, 176, 196, 203, 204, and 205. ECF 266. That Motion was referred to the Magistrate Judge, who, on October 22, issued a Memorandum Opinion and Order granting The Inquirer's motion to intervene in this matter and provisionally unsealing the documents at docket entries 127, 135, 160, 161, 173, 174, 176, and 196. ECF 286 (the "Order").

The Order permitted Defendants to propose redactions to these documents within 45 days "to protect the private interests of nonparties, or alternatively" to "make a particularized showing" justifying their continued sealing. *Id*. at 23. The Order further permitted The Inquirer "within 14 days to challenge any redactions it deems insufficient or any showing of good cause made by defendants" and indicated that the Court would "then conduct a document-by-document analysis of the remaining disputed documents." *Id*. at 23–24. On December 6, 2019, Defendants filed their Brief in Support of Continued Sealing And/Or Redactions Per The Court's October 22, 2019 Opinion and Order, accompanied by proposed redactions. ECF 291. The Inquirer filed its response today. ECF 302.

On December 17, 2019, Plaintiffs filed a motion for partial summary judgment against Defendants "as to whether Defendants' Decision to Prohibit Abbie Bartels From Returning to School in June 2013 Failed to Comply With its Applicable Policies and Procedures." ECF 293. Plaintiffs' memorandum of law and all other documents filed in support of their partial motion for summary judgment were filed entirely under seal. *See* ECF 294, 295, 296. That same day, Defendants filed a motion for summary judgment on all of Plaintiffs' remaining claims. ECF 297. Defendants publicly filed redacted versions of their memorandum of law and all other documents filed in support of their motion for summary judgment, stating that said documents were "redacted in conformity with

Defendants' December 6, 2019, submission to the Court." *Id*. at 2; *see also* ECF 298, 299.

## STATEMENT OF QUESTIONS INVOLVED

1. Can the parties meet their heavy burden of demonstrating compelling interests sufficient to overcome the strong presumption of public access to the Sealed Records under either the common law or the First Amendment?

   **Suggested Answer**: No.

2. If the parties can meet their burden of overcoming the public right of access to some portion of the Sealed Records, must continued sealing be narrowly tailored and supported by specific, on-the-record factual findings demonstrating the existence of countervailing interests sufficient to overcome the public right of access?

   **Suggested Answer**: Yes.

## ARGUMENT

**I.    The Sealed Records Should Be Unsealed.**

The judicial records at issue, which include the memoranda of law and other supporting documents submitted with Plaintiffs' Partial Motion for Summary Judgment ("Plaintiffs' MSJ") and Defendants' Motion for Summary Judgment ("Defendants' MSJ"), were filed entirely or partially under seal.

Consistent with the public's well-settled presumptive right of access to judicial records, The Inquirer respectfully requests that the Sealed Records be

unsealed in their entirety for the reasons set forth in detail in its prior briefing in this matter.  *See* ECF 267, 274, 278, 302.  To the extent the Court determines that any party seeking continued sealing of any portion of the Sealed Records has met its burden to show that such sealing is warranted, The Inquirer respectfully requests that such sealing be both narrowly tailored and explained in sufficiently detailed, on-the-record findings.

## **CONCLUSION**

For the reasons set forth above, The Inquirer respectfully requests that the Court enter an order requiring the Clerk of the Court to immediately unseal the judicial records reflected at docket entries 294, 295, 296, 298 and 299.

December 20, 2019        Respectfully submitted,

                              *s/Katie Townsend*
Katie Townsend (*pro hac vice*)
Jennifer Nelson (*pro hac vice*)
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org
jnelson@rcfp.org

Michael Berry
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Phone: 215.988.9773
Facsimile: 215.864.8999
berrym@ballardspahr.com


*Counsel for Intervenor*
*The Philadelphia Inquirer, PBC*

**CERTIFICATE OF SERVICE**

I, Katie Townsend, Esquire, hereby certify that on the 20th day of December 2019, I caused the foregoing to be served via ECF upon all counsel in the above-captioned matter.

Dated: December 20, 2019

                                     */s/ Katie Townsend*
                                        Katie Townsend