IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE ELLEN WARTLUFT, et al., | : | Civil No. 1:16-CV-2145 |
| | : | |
| **Plaintiffs,** | : | |
| | : | (Chief Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| THE MILTON HERSHEY SCHOOL | : | |
| AND SCHOOL TRUST, et al., | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM ORDER[1]**

I.     **Introduction**

In 2016, the plaintiffs brought this suit on behalf of their deceased daughter, a former student of the Milton Hershey School ("MHS"), alleging that their daughter's suicide in 2013 was a result of MHS's unwritten policy of expelling

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), this court, as a United States Magistrate Judge, is authorized to rule upon motions by intervenors to unseal certain court records. Parson v. Farley, 352 F. Supp. 3d 1141, 1145 (N.D. Okla. 2018), aff'd, No. 16-CV-423-JED-JFJ, 2018 WL 6333562 (N.D. Okla. Nov. 27, 2018). We note for the parties that under 28 U.S.C. § 636(b)(1)(A) the parties may seek review of this order by filing a motion to reconsider with the district court since: "A judge of the [district] court may reconsider any . . . matter [decided under this subparagraph] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

students who had more than two mental health hospitalizations. This suit was ultimately dismissed when the district court granted the defendants' motion for summary judgment on March 18, 2020. (Doc. 352).

Throughout the course of the litigation, The Philadelphia Inquirer, PBC ("the Inquirer"), moved to intervene and sought to have a host of records in this case unsealed, and these motions were referred to the undersigned. We granted the Inquirer's motions to intervene and unsealed a number of records, subject to limited redactions to protect third-party information. (Docs. 349, 350). Following the filing of the district court's summary judgment opinion, the Inquirer requested that this third-party information be unredacted, as the district court published the names of these individuals in its summary judgment opinion. This request was briefed by the parties and is now ripe for resolution. (Docs. 357, 358). For the reasons set forth below, we will grant the Inquirer's request and order that these previously disclosed names be unredacted from the previously unsealed records.

## II.    Discussion

In our March 6, 2020 Memorandum Opinions (Docs. 349, 350), we unsealed all but one document requested by the Inquirer, and these records were unsealed subject only to limited redactions to protect the identifying information of third party individuals contained in these records. This information covered the names, addresses, and family information related to these MHS personnel and medical

providers. We first found that these records were "judicial records" subject to a

presumptive right of public access. See In re Cendant Corp., 260 F.3d 183, 192-93

(3d Cir. 2001); see also In re Avandia Marketing, Sales Practices and Prods. Liability

Litigation, 924 F.3d 662, 372 (3d Cir. 2019); Leucadia, Inc. v. Applied Extrusion

Technologies, Inc., 998 F.2d 157, 164 (3d Cir. 1993). Accordingly, we unsealed

these documents, subject to the redaction of the nonparties' identifying information,

recognizing that these nonparties had important privacy interests at stake. While we

ordered these names and identifying information redacted, we recognized that "it

may be possible through further investigation to tentatively identify some of these

third parties by reference to employment histories and job titles." (Doc. 349, at 19).

The Inquirer now asserts that these privacy interests no longer exist, or are

greatly diminished, as the district court's summary judgment opinion published the

names of and identified five of these individuals. We are inclined to agree. As one

court in this circuit reasoned, "[a]fter material appears unsealed on a court's docket,

and therefore in the public domain, there are little, if any, plausible justifications for

subsequently sealing the same material." In re Application of Storag Etzel GmbH,

2020 WL 2949742, at *29 (D. Del. Mar. 25, 2020). Further, the court noted:

> These principles have particular force in the modern world of electronic
> filing and judicial dockets openly accessible to the public on
> government and private databases. Gambale v. Deutsche Bank AG, 377
> F.3d 133, 144 (2d Cir. 2004) ("But however confidential it may have
> been beforehand, subsequent to publication it was confidential no
> longer. It now resides on the highly accessible databases."). See also

American Civil Liberties Union of Mississippi v. Fordice, 969 F. Supp. 403, 411 (S.D. Miss. 1994) ("Regarding documents which are in the public domain, if a file contains only material which has already been made public, the Court finds that such files should remain completely open and unredacted."); aff'd sub nom. American Civil Liberties Union of Mississippi, Inc. v. King, 84 F.3d 784 (5th Cir. 1996); Performance Chevrolet, Inc. v. ADP Dealer Services, Inc., No. 2:14-CV-2738 TLN AC, 2015 WL 13855488, at *1 (E.D. Cal. Feb. 27, 2015) ("Defendant has identified no rule, statute, case or other authority requiring that the document it filed must be sealed or redacted after the fact. To the contrary, the cases addressing this issue have denied requests to seal documents where they were already publicly filed, or where the information contained in the documents is already in the public domain.") citing Level 3 Communications, LLC v. Limelight Networks, Inc., 611 F. Supp. 2d 572 (E.D. Va. 2009); Joint Equity Committee of Investors of Real Estate Partners, Inc. v. Coldwell Banker Real Estate Corp., 2012 WL 234396, at *2 (C.D. Cal. 2012); Cooke v. Town of Colorado City, Ariz., 2013 WL 3155411, at *2 (D. Ariz. 2013); Apple, Inc. v. Samsung Electronics Co., Ltd., 2014 WL 722489, at *1 (N.D. Cal.2014).

Id.; see also Three Brothers Supermarket, Inc. v. United States, 2020 WL 5749942, at *6 (E.D. Pa. Sept. 25, 2020) (quoting Avandia, 988 F.2d at 672) (finding that names of third parties, without any other identifying information, are not the "kind of information that courts will protect").

Here, the information that the Inquirer seeks to have unredacted—the names of these individuals—has already been placed unredacted on the public docket since March of 2020 in the district court's summary judgment opinion. (See Doc. 352). Accordingly, redacting these names from the records we have unsealed will not "un-ring that bell." In re Application of Storag Etzel GmbH, 2020 WL 2949742, at *29. Therefore, we will order that the names of these individuals—Dr. Benjamin Herr,

4

Mic Stewart, Heather Teter, Dr. Jeannette Morales-Brandt, and Dr. Lidija Petrovic-Dovat—be unredacted from the documents we have unsealed according to our March 6, 2020 orders. (Docs. 349, 350). While we are ordering that the names of these individuals be unredacted, any other identifying information of these individuals will remain redacted.

Finally, the Inquirer requests that the name of the plaintiffs' proposed expert, Dr. John Gavazzi, be unredacted, as we have ordered the expert report unredacted and Dr. Gavazzi is named in the district court's opinion. For the reasons set forth above, we will grant this request, and to the extent Dr. Gavazzi's name has been redacted in the documents we have unsealed, his name should similarly be unredacted from those documents.

## III. Order

Accordingly, for the foregoing reasons, IT IS ORDERED THAT the names of the individuals published in the district court's summary judgment opinion—Dr. Benjamin Herr, Mic Stewart, Heather Teter, Dr. Jeannette Morales-Brandt, Dr. Lidija Petrovic-Dovat, and Dr. John Gavazzi—be unredacted from the documents we have unsealed pursuant to our March 6, 2020 Orders (Docs. 349, 350). As stated in our prior orders regarding these documents, counsel shall confer and tender copies of stipulated, redacted records to the clerk for release on the public docket within 30 days from the date of this order.

So ordered this 3d day of December 2020.

/s/ Martin C. Carlson

Martin C. Carlson

United States Magistrate Judge